JOHN A. NICHOLS, Respondent, *v.* THE SCRANTON STEEL
          COMPANY, Appellant.

The provision of the Code of Civil Procedure (§ 791) which specifies as
     one of the causes entitled to a preference "a cause entitled to a prefer-
     ence by the general rules of practice" (sub. 10, § 791) does not apply
     to this court (§ 3347).
To obtain a preference upon the calendar of this court, in a case not
     designated by said Code or the rules of the court, the application must
     be addressed to the discretion of the court, upon a showing of such
     facts as may be deemed to render a preference proper in the interests of
     justice.
Upon motion for a preference the sole facts relied upon were that certain
     certificates of stock belonging to the appellant had been levied upon by
     virtue of and were held under an attachment issued in the action. *Held*,
     that this did justify the granting of the motion.

(Argued October 3, 1892; decided October 11, 1892.)

MOTION for a preference upon the calendar.

The following is the opinion in full:

"A preference is claimed by the appellant upon our calen-
dar, on the ground that the property of the defendant is held
under attachment, and subdivision 10 of section 791 of the
Code is relied upon. That provision adds to the list of causes
to be preferred, " a cause entitled to preference by the general
rules of practice, etc.' The rules referred to are those of the
Supreme Court, and rule numbered 36 requires that ' if the
property of the defendant be held under attachment, the
action shall be placed on a preferred calendar.' This rule
does not furnish, of itself, a reason for a preference upon the
calendar of this court. Section 791 of the Code is expressly
restricted in its operation by section 3347. By subdivision 6
of that section it is provided that chapter VIII, in which
section 791 is found, applies only to 'proceedings taken in an
action or special proceedings in one of the courts specified in
subdivision fourth of this (3347) section,' excepting certain
specified sections, among which section 791 is not given. The
subdivision fourth referred to specifies courts other than the
Court of Appeals. Section 3347 was enacted to regulate the
application of certain portions of the Code. An exception to
such application is provided for where the particular provision

in a chapter, specified in a subdivision of the section, expressly designates the courts, in which case the provision is deemed excluded from the application of the subdivision.

" In section 791, certain subdivisions do expressly designate, or include this court, but in subdivision 10 the preference is made to depend on the Supreme Court rules. Therefore, to obtain a preference upon the calendar of this court, in a case where it is not designated by the Code, or in our rules, the application must be addressed to the discretion of the court, upon a showing of such facts as may be deemed to render a preference proper to be awarded in the interests of justice.

" In this case the bare fact is made to appear in the moving papers that the sheriff levied upon certain certificates of stock belonging to this defendant, and in the possession of another party, and that the certificates continue to be held under that attachment. This is not such a showing as to justify us in proferring the argument of appeal over other causes on the general calendar.

" The motion should be denied, but, under the circumstances, without costs."

*Wilson & Wallis* for appellant.

*H. P. Starbuck* for respondent.

GRAY, J., reads for denial of motion.
All concur.
Motion denied.