WILLIAM T. GILBERT, as Receiver of COMMERCIAL ALLIANCE LIFE INSURANCE COMPANY, Appellant, *v.* EDWARD L. FINCH and Others, Respondents.

*Preference — withdrawal of a notice of trial, and service of a new one with notice of intention to apply for a preference.*

A party entitled to a preference on the calendar, who has neglected to serve with his notice of trial a notice that he would apply for the preference at the opening of the term, as required by section 793 of the Code of Civil Procedure, may, at any time before the expiration of the time limited for the service of notices of trial for that term, withdraw the former notice of trial and serve a new one together with a notice of his intention to apply for the preference.

APPEAL by the plaintiff, William T. Gilbert, as receiver of Commercial Alliance Life Insurance Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1899, denying his motion to place the cause upon the preferred calendar.

*R. B. Aldcroftt, Jr.,* for the appellant.

*Raymond Reubenstein,* for the respondents.

McLAUGHLIN, J.:

On the 15th of September, 1899, the plaintiff served a notice of trial for the October Term. He did not serve with the notice of trial a notice that the cause would be moved as a preferred one. On September 18, 1899, he served a notice withdrawing the notice of trial, and on the same day, and more than fourteen days before the commencement of the term, he served another notice of trial

FIRST DEPARTMENT, DECEMBER TERM, 1899.　　　[Vol. 46.

for the October Term, and with this he served a notice of claim for a preference, under subdivision 5 of section 91 of the Code of Civil Procedure. The latter notices were returned by the various defendants.

Upon the first day of the October Term the plaintiff moved, upon the foregoing facts, to place the cause upon the preferred calendar. The motion was denied and plaintiff appeals. We think the motion should have been granted. The provision of section 793 of the Code of Civil Procedure, so far as the same is applicable to the question presented, is that "the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, or to such justice, or other term of court, or at such other time as shall be prescribed by the general or special rules of practice, for leave to move the same as a preferred cause." This provision was, to all intents and purposes, complied with. The cause had been noticed for the October Term, but the plaintiff had neglected to include the notice which entitled him to a preference; within the time, however, in which he had a legal right to notice the cause and serve such notice for said term, he in fact did comply with the terms of the statute, and for this purpose he could withdraw the former notice of trial or serve the notice which would entitle him to a preference. No one had been or could be injured by such practice. Where a party has, through inadvertence, neglected to serve with his notice of trial a notice entitling him to a preference, we think it must be held that he can serve such notice at any time within which the cause could be noticed for trial for said term. What possible objection can there be to such practice? The statute gives to one coming within its provisions, and complying with its terms, the legal right to a preference, and, we think, it must be held upon the facts here stated that the terms of the statute were fully complied with.

The order must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.