not. He certainly has no beneficial interest in the property except that which is left to him as his share after all the other rights are satisfied, and in discharging the duty as survivor he is bound by all the equitable rules which surround a trust relation, and the violation of which will justify withdrawing from him personally the power that he has. It has been held by our court of appeals that assignees in bankruptcy are not authorized to take the firm property. Wright v. Nostrand, 94 N. Y. 33, 50, 51. And no difficulty can arise, upon a proceeding for surplus moneys, in the ascertainment of the persons to whom justly those moneys belong. Bergen v. Carman, 79 N. Y. 146; Tator v. Adams, 20 Hun, 131; Wilkinson v. Paddock, 57 Hun, 191, 11 N. Y. Supp. 442; Averill v. Loucks, 6 Barb. 470. The order will therefore distribute to the Farmers' National Bank and the Bank of Chateaugay the amounts of their judgments, with interest, motion costs, and disbursements, and, as there seems to be no appearance for any other person, the direction of the referee in his report will be followed for the balance, as to which, I understand, there is no controversy.

Ordered accordingly.

<hr>

(54 App. Div. 194.)

## RUDOLPH v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

TRIAL—PREFERENCE—NOTICE OF APPLICATION.

> Notice of an application for a preference under Code Civ. Proc. § 791, subd. 5, providing for a preference, among other instances, in cases where an executor or an administrator is the sole plaintiff or defendant, need not be attached to or served at the same time as notice of the trial.

Appeal from trial term, New York county.

Action by Mary Rudolph, administratrix of Ernest Rudolph, against the Third Avenue Railroad Company. From an order denying a motion for a preference, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Vincent P. Donihee, for appellant.

Leo J. Kersburgh, for respondent.

PER CURIAM. It appears from the papers used upon the motion that on the 21st of April, 1900, a notice of trial for the first Monday of May was served on the defendant's attorney, and two or three hours later on the same day plaintiff's attorney served a notice that a motion would be made, also on the first Monday of May, for a preference on the calendar. The preference was claimed under subdivision 5 of section 791 of the Code of Civil Procedure. The motion for a preference was denied upon the ground that the notice claiming the preference was not served with the notice of trial. It is not necessary that the notice of an application for a preference should be attached to, or served at the same time as, the notice of trial. It is sufficient if it be served at any time within which the cause could be noticed for trial. This is what this court held in Gil-

bert v. Finch, 46 App. Div. 75, 61 N. Y. Supp. 300, and on that authority the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

(54 App. Div. 200.)

PFEIFER v. SUPREME LODGE OF BOHEMIAN–SLAVONIAN BENEV. SOC. OF UNITED STATES.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ADMINISTRATORS—SECURITY FOR COSTS.

    An administratrix, who has secured her appointment in bad faith, may be required to give security for costs in an action against a beneficial society to recover an assessment which was to be paid to her decedent, where the society had paid the assessment to a subordinate lodge pursuant to its agreement, and an action against such lodge had been defeated.

Appeal from special term, New York county.