## SCHUMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County. March, 1901.)

TRIAL—CALENDAR—ACTION—PREFERENCE.

> Under Code Civ. Proc. § 793, providing that in certain named counties the application for a preference of actions shall be made at the opening of court or at the time instructed by the rules of practice, and if it shall appear that the cause is entitled to a preference, and is intended to be moved for trial at or for the term for which the application is made, the court may direct that it shall be so heard, a cause so entitled has preference on the calendar for the term for which the cause is moved, and over causes on the calendar for that term, and not, unless for good cause shown, over issues on preceding calendars waiting trial.

Application by Lawrence Schuman, an infant, by his next friend, to have an action against the Brooklyn Heights Railroad Company given preference in the trial calendar. Denied.

Dailey, Bell & Crane, for plaintiff.

Sheehan & Collin, for defendant.

MADDOX, J. The right to a statutory preference, under section 791 of the Code of Civil Procedure, must be availed of in the manner provided by section 793; and, where no order is required, if the cause is entitled to a preference, it shall be placed by the clerk "among the preferred causes at the head of the calendar."

The question now presented is, on what calendar shall the preference obtain, if not the calendar for the term for which the cause is moved for trial? And, again, shall a junior issue have preference over causes on a calendar for an earlier term, and awaiting call for trial in their regular order? After issue joined, and with the service of a notice of trial in this county, a notice that an application will

be made for the preference must be served, if the preference is desired; and if the cause appears to be entitled thereto, "and is intended to be moved for trial at or for the term for which the application is made, the court or justice may direct that it shall be so heard." How heard? The answer, of necessity, is heard as a preferred cause, and upon the calendar for the term for which the cause is moved. The court in this county is now more than a year behind in the calendar call, having up to the first Monday of this term reached on the regular call No. 4,674, an issue of November 14, 1899, and a cause moved for trial at and placed on the calendar for the December, 1899, term. The highest number on the March, 1901, calendar, is 9,595, and the great number of causes awaiting the regular call and an opportunity for trial is thus made apparent. In this county there has been for a long time past nine trial terms of the court appointed for each year, beginning with October, and continuing each month until the succeeding June; a calendar of the causes moved for trial thereat being prepared for each term. There have likewise been, so far as possible for the past three or four years, five parts for each term, and yet the court has been unable to keep abreast with current issues. Many of the causes awaiting trial are upon contract, and should be disposed of at as early a day as is consistent with a due regard for all interests, and they should not be delayed and deferred for every action brought by an infant for damages because of personal injuries, or by personal representatives for damages because of the negligently causing death of their respective decedents, or for libel or slander.

I really appreciate that there are from time to time cases that should be preferred out of their order, and over earlier issues, though upon previous calendars,—i. e. those upon the determination of which the settlement of estates and of important rights depends; where there is danger of the death of a party, or, in some cases, of an important witness; where one's liberty depends upon the result; and where, in fine, because of peculiar conditions and circumstances, justice requires a preference. The court has control over its calendar, and has inherent power and authority, in a proper case, aside from the statutory provisions, to grant a preference. The statutory preferences allowed are many, and the average action on contract, unless triable within an hour, and hence as a short cause, may well be deemed to be a deferred action, however meritorious and needy the plaintiff, however necessary to save his business existence and financial reputation, and though the defense may have been interposed for delay only. Unless there be some especial circumstance demanding it, I can see no good reason for delaying the tradesman and the merchant in an honest effort to collect a contract debt by giving preference to actions for negligence for libel and slander, where the date of issue is more than a year later than the former.

My conclusion is that the contemplation of section 793 is that a cause entitled thereto shall have preference on the calendar for the term for which the cause is moved, and over causes upon the calendar for that term, and not, unless for good cause shown, over issues upon preceding calendars waiting trial.