is clear that such a demand was made before the action was commenced, and we cannot say that it has been established that no demand was made before default. The judgment should therefore be reversed, and under the circumstances, in view of the written stipulation for judgment, judgment is ordered for the plaintiff, with costs and costs of the appeal.

SANDS, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Edwin Sands against the City of New York. No opinion. Judgment affirmed, with costs.

GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ., concur.

In re SCHENECTADY RY. CO. (Supreme Court, Appellate Division, Third Department. September 18, 1901.) In the matter of the application of the Schenectady Railway Company.

PER CURIAM. Ordered that the following be appointed commissioners in this proceeding, to wit: John Sanderson, of Catskill, N. Y., W. Frank Holsapple, of Hudson, N. Y., and William W. Worden, of Saratoga Springs, N. Y. All legal questions as to right of the petitioner to construct its proposed road be, and the same are hereby, reversed until the filing of the report of such commissioners.

In re SCHMEITTACHER. (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of Sigmund Schmeittacher. No opinion. Motion denied.

SCHNITZLER, Appellant, v. STERN, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Paul C. Schnitzler against James Stern. P. C. Schnitzler, for appellant. Hays, Greenbaum & Horwitz, for respondent. No opinion. Judgment affirmed, with costs.

SCHOELLER, Respondent, v. SCHOELLER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Hattie C. Schoeller against William P Schoeller. H. Levor, for appellant. T. W. McKnight, for respondent.

PER CURIAM. It plainly appears that there was a verbal agreement made January 11, 1900, for a sale by the defendant to the plaintiff of his bakery for the sum of $500; the defendant and his brother to bind themselves not to engage in like business within a limited territory for one year. The plaintiff then paid $50 on the purchase price, and was to pay the balance on the Saturday following, which she was ready and willing then to do; but the defendant, without legal reason, declined to perform. These facts are found by the verdict of the jury. The exceptions to the allowance by them of the items beyond the payment of $50 are not well taken, because they were properly incurred by plaintiff in preparing to perform her part of the undertaking, except the lawyer's fee of $10, for which the defendant was not to be held liable in any event. The judgment will be affirmed, if reduced by the sum of $10. If not, it will be reversed, and a new trial ordered, with costs to abide the event. Judgment affirmed, if reduced by $10. If not, judgment reversed, and new trial ordered, with costs to abide event.

SCHULTZ, Respondent, v. BERGER et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by David Schultz against Man Berger and others. H. Gottlieb, for appellants. A. B. Jaworower, for respondent. No opinion. Judgment affirmed, with costs.

SCHUMAN, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 14, 1901.) Action by Lawrence Schuman, by Jacob H. Potter, his guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Order (71 N. Y. Supp. 1095) affirmed on argument, with $10 costs and disbursements.

SCHWARTZ, Appellant, v. MYLIUS, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Samuel Schwartz against William Mylius. Martin Wechsler, for appellant. Wendel & Robeson, for respondent.

PER CURIAM. Action for conversion. The defendant was the owner and landlord of premises in which one Molnar conducted a restaurant. Molnar was in default for rent, and on June 19th he and the plaintiff, at a very early hour in the morning, removed the greater portion of the stock and fixtures, leaving the store in charge of a porter, who a few hours later delivered the key to the defendant. There were left in the saloon some fixtures and furniture, two barrels of beer, and a small desk, worth, according to the testimony, about three or four dollars. The plaintiff had, on May 31st, received a bill of sale from Molnar, covering, among other things, the writing desk and "all beer, liquors, brandies, and wines in bottles and casks." This bill of sale had been kept secret at least until June 19th, and the goods covered thereby had been left in possession of Molnar, the vendor. Molnar had meanwhile mortgaged the fixtures and furniture to one Feldman, by a chattel mortgage duly filed, conditioned to secure the payment of the debt on demand. After the saloon had been surrendered to the landlord, Schwartz called upon him and said he wished to take the goods