### COHEN v. THOMAS.

(Supreme Court, Special Term, New York County. May 10, 1909.)

TRIAL (§ 13*)—APPLICATION FOR PREFERENCE—NOTICE.

Plaintiff will not be allowed to place his cause on the preferred calendar, under Code Civ. Proc. § 791, subd. 10, where no notice that an application therefor would be made was served with his notice of trial, as required by section 793.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Action by Clarence M. Cohen against Ransom H. Thomas, as president of the New York Stock Exchange. Heard on motion for a preference. Motion denied.

Robert B. Honeyman, for the motion.
Carter, Ledyard & Milburn, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. Plaintiff moves for an order placing this cause upon the preferred calendar of the Special Term. The motion was made upon two days' notice, given subsequent to the service of the notice of trial. No notice that an application would be made for leave to move the cause for trial as a preferred cause was served with the notice of trial. Preference is asked under the provisions of subdivision 10 of section 791 of the Code of Civil Procedure, and facts are stated in the plaintiff's affidavit submitted upon the motion tending to show that the plaintiff will be seriously injured by delay in the disposition of the cause.

There is no claim that the action is entitled to a preference under any provision of the general rules of practice. Whether the facts are such as to justify the exercise of the court's discretion in favor of the plaintiff need not be considered, because the application must fail by reason of the plaintiff's omission to give the notice, required by section 793 of the Code to be served with the notice of trial. Haskin v. Murray, 29 App. Div. 370, 51 N. Y. Supp. 542; Williamson v. Standard Structural Co., 48 App. Div. 186, 62 N. Y. Supp. 815; Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622; Meyerson v. Levy, 117 App. Div. 475, 102 N. Y. Supp. 704; Bazuro v. Johnson, 71 App. Div. 255, 75 N. Y. Supp. 822; Am. Exch. Bank v. Yule Machine Co., 58 App. Div. 320, 68 N. Y. Supp. 1097; Gegan v. Union Trust Co., 120 App. Div. 382, 105 N. Y. Supp. 243. This is not the case of an application made under special rules of practice by which the court in this district has provided for the preference of numerous causes not provided for in the Code. As to such applications the special rules themselves govern, and such were the cases of Coffin v. McLaughlin, 24 Misc. Rep. 107, 53 N. Y. Supp. 297, and Germania Life Ins. Co. v. Powell, 29 Misc. Rep. 424, 61 N. Y. Supp. 942. In the present case the application is authorized by the Code, and, as said by Mr. Justice Ingraham in Haskin v. Murray, supra, upon facts being shown which would entitle the plaintiff to the exercise of the court's discretion in his favor, the case would then become one specified in subdivision 10 of section 791 of the Code. It follows that the practice must conform to the provisions of section 793, which the court has not attempted to alter by any of the rules of practice.

The motion must be denied, with $10 costs to abide the event.