pany v. Knickerbocker Trust Company, 135 App. Div. 467, 120 N. Y. Supp. 764. I think, therefore, the question that is presented in this case is substantially the same as that presented in the Twin State Gas & Electric Co. Case, and for the reasons stated in my dissent from the judgment directed in that case I think the defendant here is entitled to judgment.

I therefore dissent.

---

(66 Misc. Rep. 229.)

### REINERTSEN v. ERIE R. CO.

(Supreme Court, Special Term, Queens County. February, 1910.)

TRIAL (§ 13*)—CALENDAR—PREFERENCES.

Motions for preference on the calendar in the county of Queens, made under Code Civ. Proc. § 793, on any of the grounds enumerated in section 791, must be made at the beginning of the term for which notice of trial is served; but the court has authority in a proper case to grant a preference, and where, two months after notice for trial, a motion was made for preference on the ground that plaintiff was sick, and probably would not survive the action if compelled to wait, the order was within the discretion of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Action by Michael Reinertsen against the Erie Railroad Company. On motion for preference on the calendar. Granted.

M. P. O'Connor, for the motion.
Stetson, Jennings & Russell, opposed.

PUTNAM, J. This is a motion for a preference, but not made till February 14, 1910, after the case had been noticed for the December, 1909, term of this court. The preference is sought upon the ground that the plaintiff is ill with a progressive disease and will probably not survive the trial of the action, if he is compelled to wait until it is reached in its regular order upon the calendar; and it is urged that the cause be preferred, not only over the issues for the December term, but also over issues upon preceding calendars awaiting trial.

It is clearly established that, in this county, applications for a preference, made upon any of the grounds enumerated in section 791 of the Code of Civil Procedure, under the provisions of section 793, must be made at the beginning of the term for which the notice of trial is served, and the failure to make the motion at that time operates as a waiver of the statutory right to a preference. Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622; Meyerson v. Levy, 117 App. Div. 475, 102 N. Y. Supp. 704; Gegan v. Union Trust Co., 120 App. Div. 382, 105 N. Y. Supp. 243; Cohen v. Thomas, 63 Misc. Rep. 378, 116 N. Y. Supp. 725. These Code provisions are not, however, exclusive. The court may make special rules of practice by which preferences may be allowed for causes not provided for in the Code, and as to which preferences the special rules themselves govern. Cohen v. Thomas, supra, 63 Misc. Rep. 379, 116 N. Y. Supp. 725. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court has inherent power and authority, in a proper case, aside from the statutory provisions, to grant a preference (Schuman v. Brooklyn Heights R. R. Co. [Sup.] 71 N. Y. Supp. 1095, 1096, affirmed without opinion 64 App. Div. 620, 72 N. Y. Supp. 1127); and it is recognized in the Schuman Case that:

"There are from time to time cases that should be preferred out of their order, and over earlier issues, though upon previous calendars; i. e. * * * where there is danger of the death of a party."

The present application, addressed to the discretion of the court, is one in which the preference should be granted. The action, being for personal injuries, abates on the death of the plaintiff. The moving papers contain an affidavit of a physician, which sets forth that he had examined the plaintiff on February 4, 1910; that he found him suffering from a disease of a tubercular character; that the disease is a progressive one, from which plaintiff cannot recover; and that it is of such a character that, in his opinion, it will cause the plaintiff to grow weaker, and will cause his death within four months, if not earlier. On the other hand, there is nothing to indicate that a speedy trial of the case will in any way prejudice the rights of the defendant.

The motion for the preference is accordingly granted, and the clerk is ordered to place the cause on the ready calendar of this court for the 14th day of March, 1910, for trial.

Motion granted.