EMPIRE CITY RACING ASS'N v. NATIONAL FAIR & EXPOSITION
ASS'N, Inc., et al.

(Supreme Court, Appellate Division, Second Department.   April 16, 1915.)

APPEAL AND ERROR ☞87—REVIEW—DECISIONS APPEALABLE.
    Under Code Civ. Proc. § 793, declaring that, where the right to a preference depends on facts not appearing from the pleadings, the party desiring a preference must procure an order therefor, which order is not appealable, no appeal will lie from an order denying a motion for a preference of the trial of an ejectment suit; the matter being one resting in the discretion of the trial court.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 310–313; Dec. Dig. ☞87.]
    Burr, J., dissenting.

Appeal from Special Term, Westchester County.

Action by the Empire City Racing Association against the National Fair & Exposition Association, Incorporated, and others.   From an order of the Special Term denying plaintiff's motion for preference, it appeals.   Appeal dismissed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Thomas F. Curran, of Yonkers, for appellant.
Leo Oppenheimer, of New York City, for respondents.

JENKS, P. J.   The plaintiff appeals from an order of the Special Term that denies a motion for a preference in an action of ejectment, when the right depended upon facts which did not appear in the pleadings or other papers upon which the cause is to be tried.   I think that the order is not appealable.   Section 793, Code of Civil Procedure; Nichols' New York Practice, p. 3635.   Although the said statute reads, "Such an order is not appealable," I think that the Legislature intended to deny the right of appeal whether the application for such an order was granted or refused.   Qui hæret in litera, hæret in cortice.   If such an order is granted, and yet an appeal lay, then the very appeal might defeat the preference.   If such an order is denied, and yet an appeal lay, then the appellate court would be authorized to interfere in a matter of discretion in the regulation of the trial calendar, which must be determined, not only by the merits of the particular case, but by the relative rights of other causes, of which the appellate court would be ignorant.   If such an order seems ill-advised, then the said statute prescribes procedure of vacation.   If the application is denied, then there is no substantial right affected that would justify provision for an appeal, as the matter relates to the discretion of the trial court in determining the rightful relative place of a cause upon its calendar.   The principle that denies the right of appeal is that which commits to the trial court, in matters of discretion, the control of its calendar.   As Van Brunt, P. J., said in Riglander v. Star Co., 98 App. Div. 101, 104, 90 N. Y. Supp. 772, 774, affirmed 181 N. Y. 531, 73 N. E. 1131:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them may be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs."

I do not find that this question of practice has been raised or discussed in cases wherein the appellate court has entertained the appeal. I vote to dismiss the appeal, with costs.

Appeal dismissed, with $10 costs and disbursements.

CARR, RICH, and PUTNAM, JJ., concur.

BURR, J. (dissenting). I am inclined to the view that an order denying a motion for a preference, when the relief is sought upon facts which do not appear in the pleadings, is appealable (Code of Civil Procedure, § 793), and certainly we have entertained such appeals in the past. But upon the merits no reason is shown for granting a preference, which would not apply to every case when the parties were somewhat embarrassed by the delay necessary to reach the case in its regular order on the calendar. In addition, I think the plaintiff waived any claim for preference by failing to obtain an order therefor, which was served with his notice of trial. This is not a case where the claim to preference is based upon facts which have arisen since the notice of trial was served. I therefore vote to affirm the order appealed from, with $10 costs and disbursements.