WILLIAM H. WATERS, INC., and FRANK H. LEE, Respondents, *v.* THE HATTERS' FUR EXCHANGE, INC., Appellant.

First Department, January 24, 1919.

Trial — preference — practice in New York county — preference not granted because of advanced age or illness of witness — appeal from order granting or denying a preference.

An application in the county of New York for a preference upon the ground that a material witness is an aged man and is ill should be denied where the notice of motion was not served with the notice of trial as required by section 793 of the Code of Civil Procedure and rule 3 of the Trial Term Rules.

While the inability of a witness to attend trial owing to advanced age or illness will warrant his examination under section 872 of the Code of Civil Procedure, it does not constitute a statutory ground for a preference of the trial of the issues, nor is it ground for such a preference under the General Rules of Practice, or the Special Rules of Practice in the First Department.

Moreover, age and illness do not afford a sufficient ground for granting a preference for the trial of the issues over other issues under the authority of subdivision 10 of section 791 of the Code of Civil Procedure, or under the inherent power of the court to control the order of the trial of issues on the calendar, which power is finally established.

In the county of New York, and in certain other counties enumerated in the latter part of section 793 of the Code of Civil Procedure, an order granting or denying a preference is appealable.

APPEAL by the defendant, The Hatters' Fur Exchange, Inc., from so much of the order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk

of the county of New York on the 18th day of December, 1918, as grants a preference in this action and directs that the cause be placed on the day calendar of Part 14 for trial on January 6, 1919. An appeal is also taken from an order entered in said clerk's office on the 26th day of December, 1918, denying a motion for a reargument of the prior order.

*John Godfrey Saxe* of counsel [*John Ingle, Jr.*, with him on the brief; *George W. Olvany*, attorney], for the appellant.

*Arnold Lichtig* of counsel [*Charles S. Rosenschein* with him on the brief], for the respondents.

LAUGHLIN, J.:

The notice of motion for the order was not served with the notice of trial as required by section 793 of the Code of Civil Procedure. and rule 3 of the Trial Term Rules, and the application should have been denied on that ground. (*Marks* v. *Murphy*, 27 App. Div. 160; *Eckhard* v. *Jones*, 45 id. 562; *Meyerson* v. *Levy*, 117 id. 475; *McIntire* v. *National Nassau Bank*, 150 id. 668.)

But if the application had been timely made, it should not have been granted.

The order was granted solely on the ground that a material witness for the plaintiff was seventy-three years of ·age and ill, and it is claimed, although the evidence in support of the contention is not very satisfactory, that there is reasonable ground to believe that he will not be able to attend the trial unless it shall take place soon. The probable inability of the witness to attend the trial owing to advanced age, or illness, would warrant an order for his examination under subdivision 5 of section 872 of the ·Code of Civil Procedure, but does not constitute a statutory ground for the preference of the trial of the issues (See Code Civ. Proc. § 791), ·nor is it a ground for such a preference under the General Rules of Practice, for there is no such rule regulating it or the Special Rules of Practice in this department. (See Trial Term Rules, rule 3, and Special Term Rules, rule 8.) We are also of opinion that it does not afford a sufficient ground for granting a preference of the trial of the issues herein over other issues under the authority of subdivision 10

of section 791 of the Code of Civil Procedure, or under the inherent power of the court to control the order of the trial of issues on the calendar, which must now be deemed to be finally established. (*Riglander* v. *Star Co.*, 98 App. Div. 101; affd., 181 N. Y. 531.) Such an exercise of power would result in the time of the court being taken up with like applications in many cases and would disorganize the calendars and impose great hardships on litigants, not only by preventing the trial of their causes in their order on the calendars, but by subjecting them to the expense of remaining prepared for trial with no degree of certainty with respect to the time their causes would be reached for trial.

This court has entertained appeals and reversed orders granting and denying applications for preferences ever since causes in this jurisdiction and in certain other counties were, by section 793 of the Code of Civil Procedure, as revised and re-enacted by chapter 410 of the Laws of 1895, placed in a separate class from those in other parts of the State, which are governed by the provisions of the forepart of the section requiring that an order for a preference should be obtained as therein provided and served with the notice of the trial and which orders, it is provided, are not appealable. Now for the first time the appealability of orders in this district granting or refusing a preference is challenged on the authority of the decisions in *Empire City Racing Assn.* v. *National Fair & Ex. Assn.* (167 App. Div. 126; 170 id. 956) which apparently hold generally, in effect, that if the trial court erroneously construes the statutory provisions for a preference and grants or withholds a preference thereunder, or for any other reason, or at will, there can be no review of the order, owing to said provision in the forepart of section 793 expressly so providing. The action in which those decisions were made, however, was pending in Westchester county which was clearly left subject to said provision prohibiting appeals from such orders, and although the decisions are not expressly placed on that ground and attention is not drawn to that fact, the opinions must be limited to the *facts* on which the adjudications were made.

In the counties still clearly left subject to that provision of said section 793, as was the county of Westchester, it

may be assumed that the Legislature deemed that the granting of the preference would only affect the particular day of the term for which the case is noticed, upon which the trial would be had, and that all other causes would still be afforded an opportunity to be tried thereat, for it is only with respect to orders *granting* a preference that the right of appeal was in express terms denied by the Legislature. But when, in 1895, the Legislature by the latter part of said section placed the counties containing large calendars in a separate class with respect to the preparation of calendars and obtaining orders for preferences and did not expressly provide that such orders made in causes pending therein should not be appealable, it is a reasonable inference that it contemplated that owing to the congested condition of calendars in those counties parties might be aggrieved by such orders and should have the right of appeal. Since said separate classification was made in 1895, this court has entertained appeals from orders granting and denying preferences and has had the benefit of argument thereon of many of the leading members of the bar, and although the precise point, that such orders were not appealable, has not been taken within the recollection of any member of the court, or so far as shown by the reported decisions prior thereto, it necessarily followed from entertaining jurisdiction and deciding the appeals, that the court was of opinion that such orders were appealable. With all due deference, therefore, to the general observations made in decisions cited upon which the respondent relies, we must adhere to our long-established construction of the section, to the effect that such orders made in this district, and in the other counties so classified with it, are appealable.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Order of December 18, 1918, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and appeal from order of December 26, 1918, dismissed.