THOMAS CECIL CLARKE, an Infant, by his Guardian ad Litem, THOMAS G. CLARKE, Plaintiff, v. EIGHTH AVENUE RAILROAD COMPANY, Defendant.*

(Supreme Court, New York Trial Term, December, 1920.)

*Trial — inherent power of court to direct preference — Code Civ. Pro. § 793 — judicial discretion.*

MOTION for a preference.

R. Waldo MacKewan, for motion.

Michel Kirtland, opposed.

GAVEGAN, J. The legislature cannot deprive this court of its inherent power " to control its order of business and to so conduct the same that the rights of all suitors before " it " may be safeguarded." *Riglander* v. *Star Company*, 98 App. Div. 101; affd., 181 N. Y. 531. Where the reasons for preferring a cause develop after the term for which it was first noticed the court should nevertheless exercise its discretion and direct the preference. The affidavits here show satisfactorily why the motion was not noticed for the opening of the October term. On the showing made the discretion of the court should be exercised

---

* Reported by request.— [REPR.

to promote justice and not to prevent it. It is asserted that the requirements of section 793 of the Code of Civil Procedure inhibit judicial consideration of the application because the motion was not so noticed, even though reasons which call for the exercise of the court's discretion developed after the notice of trial was served. If such was the intention of the legislature, it seems clear that the case cited above requires me to hold that the statute cannot have the effect intended. In the case of *Waters, Inc.,* v. *Hatters' Fur Exchange, Inc.,* 185 App. Div. 803, it was held that the ground on which the trial court had ordered the preference did " not afford a sufficient ground for granting a preference of the trial  *  *  * under the inherent power of the court to control the order of the trial of issues on the calendar, which must now be deemed to be finally established." Hence the Appellate Division could not in that case have decided the question which arises here. For precedents in point see *Reinertsen* v. *Erie R. R. Co.,* 66 Misc. Rep. 229, and the cases there cited. The motion is granted and the cause ordered to be added to the day calendar for December 16, 1920.

Motion granted.