MAGNUS N. JENSEN and JAMES COX, Copartners Doing Business as JENSEN & COX, Respondents, *v.* JOSEPH J. WEINHANDLER, Defendant, Impleaded with DOUGLAS BARNES and DOUGLAS BARNES CORPORATION, Appellants.

First Department, November 18, 1921.

Trial — preference — right to preference in New York county of defendant confined under order of arrest is not waived or lost by failure to serve notice of application with notice of trial where notice of motion therefor is served seventeen days before commencement of term for which cause was noticed and defendant was not entitled to preference when notice of trial was served.

In New York county the right to a preference, under subdivision 10 of section 791 of the Code of Civil Procedure and rule 36 of the General Rules of Practice, upon the ground that the defendant is confined in prison under an order of arrest, is not waived or lost because no notice of application therefor was served with the notice of trial as required by rule 3 of the Supreme Court Trial Term Rules of New York county and section 793 of the Code of Civil Procedure, where it appears that the notice of motion was served seventeen days before the commencement of the term for which the cause was noticed and that the defendant at the time of the service of the notice of trial was out on bail and, hence, not entitled to a preference.

APPEAL by the defendants, Douglas Barnes and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1921, granting plaintiffs' motion for a preference and setting the cause down for hearing in Trial Term, Part III, for October 21, 1921.

*Peale & McLaughlin [George A. McLaughlin* of counsel], for the appellants.

*Bowman & McCuen [William L. Bowman* of counsel; *John J. Hickey* with him on the brief], for the respondents.

DOWLING, J.:

This is an action for fraud and deceit. Pursuant to an order of arrest dated April 5, 1921, the defendant Weinhandler was arrested and gave bail on April sixth. Issue was joined by the service of an answer on April twenty-seventh. On August sixteenth, while Weinhandler was still out on bail, a notice of trial was served for the October term, and a note of issue was filed placing the cause on calendar No. 1, Tort Actions, for the October term. Thereafter on August twenty-sixth, Weinhandler was surrendered by the surety on his bond and was confined in jail and was still there when the motion in question was made.

On September sixteenth a motion was made for a preference under section 791, subdivision 10, of the Code of Civil Procedure and rule 36 of the General Rules of Practice. This motion was made returnable on October third, which was the first day of the October term. Thus a notice of seventeen days was given before the first day of the term at which the case was noticed for trial.

Appellants contend that the right to a preference was lost because no notice of application therefor was served with the notice of trial. It may be noted that when the cause was noticed for trial no right to a preference existed, as Weinhandler was not then in jail. The motion for a preference was made only after he had been surrendered and was again in confinement.

Appellants rely upon rule III of the Rules for Regulation of Trial Terms of Supreme Court in First Judicial District, New York county, providing that: " A party claiming to be entitled to a preference under section 791 of the Code of Civil Procedure may apply therefor to the court at Part II, in the manner prescribed by section 793." Section 793 of the Code of Civil Procedure provides that in the counties of New York, Bronx, Kings, Queens and Erie and the Seventh Judicial District, the party desiring a preference of .any cause ·" shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, or to such justice or other term of court or at such other time as shall be prescribed by the General or Special Rules of Practice, for leave to move the same as a preferred cause, and if the right to a preference depends upon facts which do not appear in the pleadings or other papers upcn which the case is to be tried the notice must be accompanied by an affidavit showing such facts."

But this court dealt with the very question presented here in *Thompson* v. *Post & McCord* (125 App. Div. 397), where Mr. Justice SCOTT said: " The plaintiff appeals from an order denying her motion for a preference. Under section 791 of the Code of Civil Procedure she is entitled to a preference unless she has waived or lost it. It appears that on January 17, 1908, she served a notice of trial for the February term, and on January twentieth served a notice of motion for a preference. The February term commenced on February third, consequently the notice of motion for a preference was served fourteen days before the commencement of ·the term, or within the time in which the notice of trial for that term could have been served.* It is contended on behalf of the respondent that plaintiff lost her right to a preference because her notice of motion was not served with the notice of trial. The rule in this department is not so strict. It was held in *Rudolph* v. *Third Ave. R. R. Co.* (54 App. Div. 194) that ' it is not necessary that the notice of an application for a preference should be attached to or served at the same time as the notice of trial. It is sufficient if it be served at any time

* See Code Civ. Proc. § 977.— [REP.

within which the cause could be noticed for trial. This is what this court held in *Gilbert* v. *Finch* (46 App. Div. 75).' "

In the instant case the notice of motion for a preference was served seventeen days before the commencement of the term for which the cause was noticed for trial, and, therefore, under the rule thus laid down the right to a preference had not been waived or lost.

The appellants rely upon the case of *Waters, Inc.,* v. *Hatters' Fur Exchange, Inc.* (185 App. Div. 803). It is true that the court said in its opinion that " the notice of motion for the order was not served with the notice of trial as required by section 793 of the Code of Civil Procedure and rule 3 of the Trial Term Rules, and the application should have been denied on that ground."

But the facts in that case were entirely different from those in either the *Post & McCord* case or the present case. There the action was commenced June 17, 1918, issue was joined July 29, 1918, and the cause was noticed for trial at the October term and placed upon the general contract calendar. No steps were taken to secure a preference until an order to show cause why the action should not be advanced on the day calendar for immediate trial was obtained on December twelfth, more than two months after the opening of the term at which it was noticed for trial, and nearly three months after the last day upon which the notice of trial for the October term could have been served. The case, therefore, in no way conflicts with the decision in the *Post & McCord* case, the facts being entirely different and the rule laid down in the *Post & McCord* case being in no way changed or modified thereby.

The order appealed from will, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.