YELLOW CAB MANUFACTURING COMPANY, Respondent, *v.* CHECKER CAB MANUFACTURING CORPORATION and Others, Appellants.

First Department, June 16, 1923.

Trial — preference — action in New York county to restrain use of trademark — defendants procured temporary injunction on counterclaim — execution of injunction was stayed pending appeal — notice of trial was served before injunction order was affirmed and did not give notice, as required by Civil Practice Act, § 141, that application for preference would be made — court had inherent power to grant preference — trial court may postpone trial.

On an application for preference in the trial of an action in equity in New York county to restrain the defendants from using a trademark it appeared that the defendants procured a temporary injunction on a counterclaim; that

pending an appeal from the order granting the injunction which was subsequently affirmed, plaintiff noticed the case for trial but did not include a notice, as required by section 141 of the Civil Practice Act, that it would apply for a preference.

*Held*, that the court has inherent power to grant a preference in the present case notwithstanding the provisions of section 141 of the Civil Practice Act, since at the time the notice of trial was served the order granting defendants a temporary injunction had not then been affirmed, and plaintiff's right to a preference had not then accrued.

While the plaintiff is entitled to a preference on the trial of the action, the trial court has authority to postpone the trial to enable the defendants to present their case and to procure testimony of foreign witnesses.

APPEAL by the defendants, Checker Cab Manufacturing Corporation and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, granting plaintiff's motion for a preference.

*Abraham M. Grill* of counsel [*Samuel Greenbaum* and *Jonas J. Shapiro* with him on the brief], for the appellants.

*Ingraham, Page & Moran* [*Alfred R. Page* of counsel; *John D. Monroe* with him on the brief], for the respondent.

MERRELL, J.:

The action was commenced in equity by the plaintiff, respondent, for the alleged infringement by the defendants of a trademark consisting of a symbol of checkers in contrasting colors affixed to taxicabs. The plaintiff, respondent, applied for a temporary injunction restraining the several defendants from manufacturing, selling, using and operating taxicabs having affixed thereto such trademark. The defendants, appellants, answered denying the allegations of the complaint and interposing a counterclaim alleging ownership of said trademark and charging that the plaintiff had infringed the same and that plaintiff is guilty of unfair competition, and demanded injunctive relief against the plaintiff.

The action came on before the court at Special Term on cross motions for injunctions *pendente lite.* Voluminous affidavits were filed and the court at Special Term, after due consideration, denied the motion of the plaintiff for a temporary injunction and granted defendants' motion therefor. While disclaiming any intention to determine the cause upon the merits, the court based its decision in defendants' favor upon the fact that "In the present case the proofs on the part of the defendant Checker Taxicab Manufacturing Corporation are so impressive that I feel that its motion for the injunction *pendente lite* it asks for should be granted."

The court at Special Term, in granting the injunction restraining

the plaintiff, suspended and stayed the execution thereof pending the hearing and determination of plaintiff's appeal from said order, if such appeal should be promptly taken and brought on for argument before the Appellate Division, and further ordered that if said order be affirmed on appeal the plaintiff should have leave to apply for further security as a condition for continuing the injunction. An appeal was taken by the plaintiff from the order of the Special Term and the same was unanimously affirmed by this court on May 11, 1923. (206 App. Div. 691.)

Thereupon plaintiff moved for a preference and the order now appealed from was granted. The plaintiff served a notice of trial and filed a note of issue for the May term of the Supreme Court, said term being the first term for which the cause could be noticed after the same was at issue. No notice that an application would be made for preference or for leave to move the said cause as a preferred cause was served by the plaintiff with its notice of trial. The defendants, appellants, ask for a reversal of the order of preference upon the ground that the plaintiff did not give notice of motion for a preference with said notice of trial. In support of its position in this respect the defendants, appellants, rely upon the provisions of section 141 of the Civil Practice Act which provides that in the county of New York no action or special proceeding shall be placed as a preferred cause upon the calendar of any court unless the party desiring such preference shall serve upon the opposite party with his notice of trial a notice that an application will be made for leave to move the same as a preferred cause. The defendants insist that having failed to serve such notice of motion for a preference with its notice of trial, the plaintiff waived the right to a preference.

We are of the opinion that the court possessed inherent power to grant a preference in the case at bar and that the statute referred to is not conclusive. (*Riglander* v. *Star Co.,* 98 App. Div. 101; affd., 181 N. Y. 531; *Waters, Inc.,* v. *Hatters' Fur Exchange, Inc.,* 185 App. Div. 803; *Nichols* v. *Scranton Steel Co.,* 135 N. Y. 634.) At the time plaintiff noticed the issues for trial the restraining order had not become effective by reason of its execution having been stayed until its validity should be tested by this appellate court. Since the service of said notice of trial the injunction order granted by the Special Term was affirmed upon appeal and became effective against the plaintiff. Plaintiff's right to a preference, therefore, developed after the service of notice of trial and justified the exercise of discretion by the court at Special Term in granting the order appealed from. (*Clarke* v. *Eighth Avenue R. R. Co.,* 114 Misc. Rep. 707; affd., 197 App. Div. 949.)

In all fairness, it was incumbent upon the defendants, in securing the order *pendente lite* restraining the plaintiff, to speedily bring the issues to trial. As was said in *Duryea* v. *Auerbach* (164 App. Div. 44): " The plaintiff, having thus halted the defendants, should not be allowed to rest. And if he is not ready for trial at the first possible moment, the defendants should be heard for a vacation of this order, which is now affirmed, * * *."

The duty is always upon a party obtaining an order temporarily restraining an adversary to speedily bring the issues to trial and obtain an early determination as to his right to injunctive relief.

The trial court has ample authority to postpone the trial to enable the defendants to present their case and to procure the testimony of foreign witnesses now being undertaken, and in the exercise of its discretion will undoubtedly see that defendants' rights in this respect are protected.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, MCAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.