Ernst H. Rosenberger, J.,
Defendant, Jaun Bermudez, was *1072 arrested for homicide on August 17, 1974, and indicted on August 30, 1974. He was released on bail on September 25, 1974, after pleading not guilty.
On January 14, 1975, when this case was called, defense counsel answered "ready for trial.” At the request of the prosecutor, the case was adjourned until February 24, 1975. The same series of events took place on February 24, April 14 and on May 27, 1975. On May 27 there was an adjournment on consent of both sides in order to give the defendant and witnesses lie detector tests.
On June 27, 1975, the defendant again answered "ready for ' trial.” The prosecutor informed the court that his only eyewitness was missing. At that time, the Justice sitting advised the prosecutor that he would adjourn the case for three months until September 9, 1975, in order to provide enough time for the District Attorney to find his essential witness. He stated further that if the witness was not located by the next adjourned date, three months later, the case would be dismissed.
On September 9, 1975, the District Attorney again stated that he was not ready for trial and that the essential witness was still missing. He recounted to the court the unsuccessful attempts made to find the witness by a detective who was exclusively assigned to that job. The District Attorney then requested another adjournment for one week to continue the search.
The court stated on the record that it did not seem that any further attempts would be successful since the District Attorney and the Police Department had failed to find the witness in the previous three months of active and diligent search.
The court then granted defense counsel’s oral motion to dismiss the indictment for failure to prosecute.
The District Attorney now moves to reargue the motion to dismiss on the ground that CPL 210.45 requires that a motion to dismiss the indictment must be made in writing and that was not done in this case.
It is apparent that the purpose of CPL 210.45 (subd 1), requiring the motion to be in writing, is to afford reasonable notice to the prosecutor to allow sufficient time and opportunity to answer the allegations. However, in our case, the District Attorney had three months’ notice of the pendency of the motion. He had three months to prepare his argument *1073 and three months to supply the missing essential witness in order to mark the case ready for trial. Thus, in this case, the District Attorney did not receive merely the eight days’ notice required for formal compliance with CPL 210.45, but he received three months’ notice of the pendency of the motion to dismiss.
Second, the facts indicate that the District Attorney would not, under any circumstances, have been able to supply.the missing witness. He does not state in his motion papers that he has found the witness and that he is now ready for trial. It would be an exercise in futility to grant the motion to reargue, to require the serving and filing of new motion papers, and then, finally, to regrant the motion to dismiss for the same reason the original motion was granted. The result of such punctilious compliance with the form of the statute, rather than with its intent and spirit, would be absurdity.
The solution appears to be as follows:
This court grants the motion to reargue. It holds that the papers heretofore submitted in support of and in opposition to the motion to reargue and the entire court record of the proceedings are deemed to be the papers required in the motion to dismiss the indictment for failure to grant a speedy trial under CPL 210.20 (subd 1, par [g]) and CPL 210.45. And, finally, on all the papers and proceedings had before this court previously and, specifically, upon the request in the affidavit of defense counsel, dated November 5, 1975, that his affirmation be considered an application for the dismissal of the indictment, and upon the request of the District Attorney in his affidavit of October 9, 1975 that the motion to dismiss be denied, this court grants the motion to dismiss the indictment No. 4317-1974 against defendant Juan Bermudez.
It is not inappropriate to point out here that the court retains the power to regulate its calendar. In Plachte v Bancroft (3 AD2d 437, 438), the Appellate Division, First Department, speaking through Judge Breitel, stated: "It is ancient and undisputed law that courts have an inherent power over the control of their calendars, and the disposition of business before them, including the order in which disposition will be made of that business. (Landis v North Amer. Co., 299 US 248, 254; accord, American Life Ins. Co. v Stewart, 300 US 203, 215; Morse v Press Pub. Co., 71 App Div 351, 357.) Moreover, this power exists independently of statute. (Riglander v Star Co., 98 App Div 101, affd 181 NY 531; Clarke v *1074 Eighth Ave. R. R. Co., 114 Misc 707; Reinertsen v Erie R. R. Co., 66 Misc 229; Smith v Keepers, 66 How Prac 474; 88 CJS, Trial, § 33.)” (Emphasis added.)