OPINION OF THE COURT
Alan Friess, J.
After the District Attorney’s application to dismiss a menac *124 ing charge was granted, the defendants[1] orally[2] moved to dismiss the sole remaining count, disorderly conduct, pursuant to the speedy trial provision contained in CPL 30.30 (subd 1, par [d]).
The facts are not in dispute. On June 16, 1979 the defendants had an altercation among themselves in a subway station. After the police arrived, the defendants cross-complained against each other alleging that each menaced the other with a knife. Menacing is a class B misdemeanor. Each defendant was further charged with disorderly conduct, a violation, based upon the police officers’ independent observations. The defendants were each given an appearance ticket, returnable in New York County, Part AR-2A, on July 24, 1979.
On July 24, 1979 two of the defendants appeared at 100 Centre Street and were informed by a person other than a Judge[3] that their case had been adjourned until August 27, 1979. On August 27 the defendants appeared for their arraignment and notified the court that they wished to drop the menacing charges against each other. The District Attorney moved to dismiss the menacing charges based on the defendants’ statements that they would not sign the supporting affidavits necessary to convert the misdemeanor complaints into misdemeanor informations. (See CPL 170.65, subd 1.) After the dismissal of the misdemeanor charge, defense counsel moved to dismiss the violation count on speedy trial grounds.
In general, a criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court. (CPL 1.20, subd 17.) In this proceeding, the accusatory instrument was filed on August 27, 1979 (the same date the *125 defendants moved to dismiss the charges) and if CPL 1.20 (subd 17) were applicable then the defendants’ motion would have to be denied since the prosecution has "thirty days from the commencement of a criminal action” to be ready for trial in a violation case. (CPL 30.30, subd 1, par [d].)
However, it appears that the general definition contained in CPL 1.20 (subd 17) is not applicable to speedy trial limitations where the defendant has received an appearance ticket. This conclusion is based upon a specific provision in the speedy trial section which states: "For purposes of this section * * * where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date such appearance ticket is returnable in a local criminal court” (CPL 30.30, subd 5, par [b]; emphasis supplied). Since the defendants’ appearance ticket was returnable originally on July 24, 1979, if that were the only charge that had been initially filed, I would dismiss the violation since the defendants were not even arraigned until 33 days after the appearance ticket was originally returnable.[4] Clearly, the prosecution was not ready for trial within the time limitations of CPL 30.30 (subd 1, par [d]). (People v Lewis, NYLJ, Aug. 18, 1977, p 6, col 5.)[5]
Nevertheless, given the unique facts of this case I am denying the defendants’ motion. The original charge in each case was a misdemeanor, menacing. Under CPL 30.30 (subd 1, par [c]), the prosecution has 60 days from the commencement of the action to be ready for trial. Since the complaint originally included a misdemeanor charge, the prosecution had until September 22, 1979 to be ready for trial. The fact that the defendants ultimately refused to press charges should not be held against the prosecution, especially where, as here, the accusatory instrument contained a misdemeanor count based *126 upon the defendants’ original desire to prosecute. The District Attorney was prepared to prosecute the misdemeanor charge and dismissed it only upon the defendants’ refusal to further cross-complain against each other. The defendants cannot claim the lesser time limitation for violations made applicable only when they refused to co-operate in the prosecution of the class B misdemeanor. To hold otherwise would allow the defendants to benefit from their refusal to prosecute the misdemeanor charge, and that is not the intent of the speedy trial statute. Motion denied.

. Defendant Harvey did not appear in court on August 27, 1979 for his arraignment. Nevertheless, he is represented by counsel in this proceeding and, without objection, is considered a full party herein. (CPL 170.10, subd 1, par [b].)

. The case law is somewhat unclear as to whether a motion to dismiss an accusatory instrument must always be in writing. (See People v Bermudez, 84 Misc 2d 1071.) However, this is not an issue in this matter since the District Attorney’s office specifically waived papers at the oral argument.

. The usual procedure that is followed in New York County is that if a police officer cannot make a court appearance on the appearance ticket’s return date the officer notifies an attendant in the police sign-in room and the case is adjourned until another date convenient for the police officer. The defendant is notified of the changed date when the defendant arrives at the courthouse on the originally scheduled return date. This is precisely what occurred in this matter.

. The District Attorney argues that the police officer could have made the appearance ticket returnable at any time, even six months from the date of the incident, and that CPL 30.30 (subd 1, par [d]) would not have started to run until that return date. It is not necessary that I reach that issue since the facts before me are not that egregious. The fact that the original return date in this case was 38 days from the date of the incident does not shock the conscience of this court since the appearance ticket concept inures as much to the benefit of defendants as it does to the fiscal benefits derived by the courts and the police department.

. Since the defendants did appear on the original return date, it should be noted that at the oral argument the District Attorney’s office conceded that the Lewis case was analogous to this case. The District Attorney stated that "What is operative is when the defendants come down to court and that’s when the action begins, commences.”