JOHN B. HASKIN, JR., Respondent, *v.* ELIZABETH J. MURRAY and Others, Defendants; ADELE LE COMPTE and MARY ANN LE COMPTE, Appellants. (No. 1.)

*First judicial district — where an application for a preference must be made — the case must be at issue — a preference denied in an action to establish a will.*

In the first judicial district an application for a preference under section 793 of the Code of Civil Procedure, or rule 3 of the Rules for the Regulation of the Trial Terms in the First Judicial District, must be made at Part 2 of the Trial Term.

The case cannot be placed upon the preferred calendar until it is at issue; and an order directing that the case be set down on the calendar of the Trial Term of

the court, Part 2, for the hearing of preferred causes, which provides that, in case an amended answer be served, the cause be set down on the calendar of the court for a later date, is improper, especially where it does not appear in the moving papers that the case has been noticed for trial, or that a note of issue has been filed, as required by section 977 of the Code of Civil Procedure.

Facts deemed insufficient to justify a preference of an action brought to establish a will, considered.

APPEAL by the infant defendants, Adele Le Compte and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1898, granting the plaintiff's motion for a preference at the Trial Term of the court.

*John M. Bowers*, for the appellants.

*Abel Crook*, for the respondent.

INGRAHAM, J. :

The plaintiff, upon an order to show cause, applied to the Special Term of the court for an order that this case have a preference at a Trial Term, Part 2, of this court, for the month of March, 1898, and that a day of the said term be fixed for the trial thereof. Upon that motion the court granted an order that this case be set down on the calendar of the Trial Term of the court, Part 2, for the hearing of preferred causes, on the 1st Monday of March, 1898, to be then or thereafter set down for trial on such preferred calendar by the justice holding said Trial Term ; further ordering that, in case meanwhile an amended answer be served by the said Frederic J. Middlebrook, guardian *ad litem*, or by any other defendant, then that this cause be set down on the calendar of the Trial Term of this court, held in Part 2, for the hearing of preferred causes, on the 1st Monday of April, 1898. It did not appear in the moving papers that the case had been noticed for trial, nor that a note of issue had been filed as required by section 977 of the Code of Civil Procedure. By that section it is provided that, after a cause has been noticed for trial, a note of issue must be filed at least twelve days before the commencement of the term at which the cause is noticed for trial, and that the clerk must thereupon enter the cause upon the calendar according to the date of the issue. The order in this case directed

that the action be set down upon the calendar of the Trial Term of the court, without a notice of trial, or without the filing of a note of issue. Such an order does not appear to be authorized by any provision of the Code or the practice in this district. Assuming that the court at Special Term had power to grant a preference under subdivision 10 of section 791 of the Code, all it could do was to declare that the cause was entitled to a preference by reason of the facts appearing in this particular case ; and the parties were then required to notice the cause for trial and file a note of issue as required by section 977 of the Code. We think, however, that in this district an application under section 793 of the Code, or rule 3 of the rules for the regulation of the Trial Terms of the Supreme Court in this district, must be made at Part 2 of the Trial Term. The question as to the preference of cases upon the calendar is regulated by sections 789 to 793 of the Code, inclusive. By section 791 it is provided that " Civil causes are entitled to preference among themselves, in the trial or hearing thereof, in the following order." By subdivision 10, under which this application was made, a cause entitled to a preference by the General Rules of Practice, or by the special order of the court in the particular case, is specified as a cause entitled to a preference. By section 793 of the Code, a method of ascertaining whether or not a cause is entitled to a preference is determined. By this section, as amended by chapter 497 of the Laws of 1888, it was provided that no action or special proceeding shall be placed as a preferred cause upon the calendar of any Circuit Court or Trial Term or Special Term of any court as herein provided ; but the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, or to such justice or other term of court, or at such other time as shall be prescribed by the General or Special Rules of Practice, for leave to move the same as a preferred cause ; and if the right to a preference depends upon facts which do not appear in the pleadings, or other papers upon which the case is to be tried, the notice must be accompanied by an affidavit showing such facts. The method here prescribed applied to the whole State, and there is no provision for any application to the court for a preference, except the application

therein provided for, which must be made to the court at which the action was to be tried at the opening of the term for which the case had been noticed. In 1895 and 1896 (Chap. 946, Laws of 1895; chap. 140, Laws of 1896) this section was amended by prescribing a different method by which a preference could be obtained in all of the counties in the State, except the counties of New York, Kings and Erie and the seventh judicial district, but in these counties, and in the seventh judicial district, the provision before applicable to the whole State was continued. Thus, in the counties and the judicial district named, no cause is to be placed upon the calendar as a preferred cause, under the provisions of the section applicable to the counties of the State, other than the counties named, but the application must be made under the provisions applicable to such counties. If the plaintiff desired a preference of this cause he was required to serve upon the defendants, with his notice of trial, a notice that an application would be made to the court at which the case had been noticed for trial at the opening thereof, unless the General or Special Rules of Practice prescribed that the application was to be made to another justice or term of court, or at some other time, for leave to move the same as a preferred cause; and if the right to a preference depended upon facts which did not appear in the pleadings, or other papers upon which the case was to be tried, the notice must be accompanied by an affidavit showing such facts. Whether or not this case should be preferred was a question addressed to the discretion of the court, but, upon the facts being shown which entitled the plaintiff to the exercise of that discretion by the court, he was then entitled to a preference, and the case then became one specified in subdivision 10 of section 791 of the Code, which justified the court in that particular case in ordering it to be preferred.

By rule 3 of the Special Rules for the Regulation of the Trial Terms of the Supreme Court in this department it is provided that any party entitled to have a case preferred may, upon two days' notice, apply to the court at Part 2 to have the case placed upon such preferred calendar. Thus, the special rules for this district require that this application must be made at Trial Term, Part 2, and not at the Special Term.

We also think that the further provision in the order, that in case an amended answer be served by the guardian *ad litem,* then

the cause be set down on the calendar of the Trial Term of this court, held in Part 2 for the first Monday of April, was unauthorized. The case could not be placed upon the calendar until it was at issue. The appellant had served an answer, but his time to amend under section 542 of the Code had not expired. Upon the service of an amended pleading, under this section, a new issue would be raised which must be duly noticed for trial and a note of issue filed, as required by section 977 of the Code. There is no authority for the court at Special Term to direct the case to be placed upon the calendar for a term for which it had not been noticed and where no note of issue has been filed. If it should be made to appear to the court, under section 542 of the Code, that the pleading was amended for the mere purpose of delay, and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out; but unless such amended pleading is so stricken out by the court, the case must be tried upon the amended pleadings, and can only be placed on the calendar after a notice of the trial of the issues raised by the amended pleadings has been served and a note of issue has been filed.

For the reasons above stated the order made at Special Term was unauthorized by the provisions of the Code. We think, however, that the facts shown do not entitle the plaintiff to a preference. The action is brought under section 2653a of the Code of Civil Procedure, and the judgment asked for was that the will of John B. Haskin, deceased, of December 9, 1892, and the probate thereof, be determined to be valid, and that the same is the last will and testament of the said John B. Haskin, deceased, and enjoining the defendants from bringing or maintaining any action or proceeding, or further prosecuting any action theretofore brought to declare the will void.

The will has been duly admitted to probate by the surrogate, and the reason for which a preference was asked was that it was important for the plaintiff, who was the residuary legatee and devisee under the will, that the action should be promptly tried and disposed of. Some statement was made as to the condition of the real estate devised by the testator; that a portion of such real estate must be sold to pay the debts and legacies contained in the will, and that for

such reasons and to facilitate the early settlement of the estate it is important that this action should be tried at the earliest practicable date. This statement is nothing more than a statement that the parties desire a speedy trial; and to grant this application would justify an application in any case in which the interests of one or more of the parties to the action require that the action should be speedily tried, and for that reason it should be given a preference over the other cases upon the calendar. The fact that because of an immense mass of litigation in this district it is impossible to give to every case a trial immediately after the same is at issue, does not give to the parties to any particular action a right to a preference over other cases waiting to be tried, simply because the interests of one or more parties to that particular action require that the case should be at once disposed of. There is no provision of the Code which justifies the court in granting a preference upon this ground. The provision of subdivision 10 of section 791, which enacts that causes are entitled to a preference among themselves, in the order specified, and mentions, as one of the cases entitled to such preference, a case in which a preference is given by a special order of the court in a particular case, does not authorize the court in its discretion to give a preference to a cause simply because it would be advantageous to one or more of the parties to have the particular cause promptly disposed of.

We think, therefore, that the order of the Special Term was unauthorized, and it is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.