## BLUMENTHAL v. SCHWEINBURG.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

SLANDER—NOTICE FOR TRIAL—PREFERENCE—LACHES—UNREASONABLE DELAY.
    In an action for slander entitled to preference under Code Civ. Proc. § 791, subd. 10, such issue was joined October 21st by service of answer, time for service of which would not have expired till November 20th. Plaintiff was absent in Europe during the first term at which the case could have been safely noticed for trial, and immediately on his return, after intervention of but one term, noticed the case for trial for the February term, and claimed a preference. *Held*, that there was no unreasonable delay or neglect, and it was error to deny preference, since there is no requirement to notice a case for trial at the first term, or any particular term, after issue, and no penalty for failure so to do, except dismissal for failure to prosecute within a reasonable time.

Appeal from trial term, New York county.
Action by Sigmund Blumenthal against Emil Schweinburg for slander. From an order denying plaintiff's motion for preference, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Frederick Wiener, for appellant.
Arthur Furber, for respondent.

PER CURIAM. The order denying the plaintiff's motion to put this cause upon the preferred calendar must be reversed. It appears from the memorandum of the justice who made the order that the motion was "denied on the ground of laches." The action was entitled to a preference under subdivision 10, § 791, Code Civ. Proc. The plaintiff's practice conformed to the requirements of the statute, and his right to a preference was not lost by neglect. Issue was joined on October 21, 1899, by the service of the defendant's answer. The time to serve an amended answer would not have expired until November 20th. The first term for which the case could have been safely noticed for trial, in view of what was decided in Haskin v.

Murray, 29 App. Div. 374, 51 N. Y. Supp. 542, was January, 1900, and during that month the plaintiff was absent in Europe. Notice of trial for February, accompanied by an affidavit stating the claim for a preference, was served for the February term. "There is nothing in the practice which requires a party to notice his cause for trial for the first term after it shall have been at issue, or imposing any penalty upon the plaintiff for a failure to so notice it." Bailey v. Miles, 46 App. Div. 608, 61 N. Y. Supp. 977. "There is no provision requiring a notice of trial for any particular term after the joinder of issue, except that neglect for an unreasonable time to prosecute the action may result in its dismissal." Levy v. Hanneman, 47 App. Div. 32, 62 N. Y. Supp. 240. Under the circumstances of this case there was no neglect or delay for an unreasonable time. The case was noticed for trial, and a preference was claimed immediately upon the plaintiff's return from Europe, and with but one term intervening between the time at which notice of trial could with safety have been given and the term for which the notice was actually served.

Order reversed, with $10 costs and disbursements. Motion for a preference granted, without costs.