(83 App. Div. 284.)

POERSCHKE v. BALDWIN.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. TRIAL TERM—PLACING CAUSE ON CALENDAR—NOTICE OF TRIAL.
   Under the provisions of Code Civ. Proc. § 977, where no notice of trial had been served, or note of issue filed for the Trial Term, the provision of an order directing the clerk to place the cause on the Trial Term calendar as of its date of issue, which order contained no provision for the filing of such notice of trial or note of issue, was unauthorized.

Appeal from Special Term, New York County.

Action by Edward Poerschke against Willard C. Baldwin. From an order placing cause on the general calendar for trial at Trial Term, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

James A. Douglas, for appellant.
David B. Ogden, for respondent.

McLAUGHLIN, J. This appeal is from so much of an order as directs that the cause be placed on the general calendar for trial at Trial Term, and also placing the cause under its proper number on the first call calendar of causes taken from the general calendar after the entry of the order. The action is in ejectment. Both parties noticed the cause for trial at Special Term. The plaintiff subsequently moved that the case be stricken from the Special Term calendar and be sent to the Trial Term calendar. The motion was granted, and a provision was inserted in the order to the effect that the clerk place it upon the Trial Term calendar as of its date of issue, and that he place it on the first call calendar called thereafter; and it is from this provision of the order that the plaintiff has appealed.

The provision of the order appealed from was made without authority, and contrary to the rules of practice. Under section 977 of the Code of Civil Procedure a cause cannot be placed on the general calendar for trial until a notice of trial has been served and note of issue filed. Here no notice of trial has been served or note of issue filed for the Trial Term, nor does the order contain any provision for the service of such notice or the filing of such note of issue. The provision, therefore, directing the clerk to place the cause on the Trial Term calendar as of its date of issue, and that he place it on the first call calendar thereafter, was not authorized by any of the provisions of the Code of Civil Procedure or rules of practice relating to this district. Haskin v. Murray, 29 App. Div. 370, 51 N. Y. Supp. 542; Veinstok v. Veinstok, 63 App. Div. 16, 71 N. Y. Supp. 195.

So much of the order, therefore, as is appealed from must be reversed, with $10 costs and disbursements. All concur.