## McINTIRE v. NATIONAL NASSAU BANK.

(Supreme Court, Appellate Division, First Department.   May 31, 1912.)

1. TRIAL (§ 13*)—PREFERRED CAUSES.
    Plaintiff's motion for a preference under Code Civ. Proc. § 791, subds. 7, 10, providing that actions entitled to preference over other civil causes include actions against corporations or joint-stock associations issuing bank notes or any kind of paper credits to circulate as money, and also actions entitled to preference by the general rules of practice or by special order of the court in the particular case, was properly denied, where the preference was not sought to enable plaintiff to attend the trial, but merely because he was advanced in years and in ill health and therefore desired a speedy trial.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

2. TRIAL (§ 13*)—PREFERRED CAUSES—WAIVER OF RIGHT.
    Plaintiff's right to have his cause preferred to other pending causes was lost by his failure to assert it when the issues were first noticed for trial and placed upon the calendar.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Appeal from Trial Term, New York County.

Action by William H. McIntire against the National Nassau Bank. From an order granting a preference to plaintiff, defendant appeals. Reversed.

See, also, 135 N. Y. Supp. 1126.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Marshall Stearns, of New York City, for appellant.
George Gordon Battle, of New York City, for respondent.

McLAUGHLIN, J.   Action to recover $5,500 which plaintiff deposited with defendant.   As a defense defendant alleges that it has already paid such sum upon a check drawn by plaintiff to the order of one Palmer.   The genuineness of the signature to the check is disputed, and as a separate defense it is alleged that the plaintiff is estopped from asserting that fact by reason of his failure to give to defendant written notice within 10 days after the check was returned, which, it is claimed, he had agreed to do.   After issue had been joined, plaintiff on January 16, 1912, served a notice of trial for the February term, and filed a note of issue.   On February 10th he served a new notice of trial for the March term, and also filed a new note of issue.   But with neither notice did he claim a preference.   On March 22, 1912, plaintiff moved for a preference under subdivisions 7 and 10 of section 791 of the Code of Civil Procedure.   The motion was denied, but upon a reargument the same was granted, and the defendant appeals.

[1] The subdivisions of the section of the Code referred to do not entitle the plaintiff to a preference, but it is claimed that the order was properly granted because the moving papers show that the plaintiff is advanced in years and is in ill health; in other words, that by reason of such facts, he desires a speedy trial.   There is no provision of the Code of Civil Procedure which requires the court to grant a preference upon that ground.   Haskin v. Murray, 29 App. Div. 370, 51 N. Y. Supp. 542; Gegan v. Union Trust Company, 120 App. Div. 382, 105 N. Y. Supp. 243.

Plaintiff undoubtedly wants a speedy trial—most plaintiffs do—to the end that he may obtain satisfaction of his claim.   A preference is not sought for the purpose of enabling him to attend the trial.   His deposition has already been taken, and in an affidavit which was presented by him, made by his own physician, the statement is made and is not controverted, that William H. McIntire is a very old man and suffers from rheumatism and other ailments peculiar to people of his extreme age; that in the opinion of deponent, Capt. McIntire will not be able to attend court when this action is called for trial, and that for him to do so would be most dangerous.

[2] Moreover, the plaintiff has lost his right to a preference by his failure to assert it when the issues were first noticed for trial and placed upon the calendar.   Section 791 of the Code of Civil Procedure; Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622; Williamson v. Standard Structural Co., 48 App. Div. 186, 62 N. Y. Supp. 815; American Exchange Bank v. Yule Machine Co., 58 App. Div. 320, 68 N. Y. Supp. 1097; Meyerson v. Levy, 117 App. Div. 475, 102 N. Y. Supp. 704; Gegan v. Union Trust Co, supra.   The court could prefer the case if circumstances justified it; but such facts are not presented in this case.

Upon this ground, therefore, as well as upon the ground that no facts or circumstances were shown which entitled the plaintiff to a. preference, the order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.