NATHAN GOLDIN, an Infant, by BENNIA GOLDIN, His Guardian ad Litem, Respondent, *v.* MALONE DAIRY Co., INC., Appellant.

First Department, May 9, 1924.

Trial — preference in action in New York county to recover damages for injury suffered by eight-year-old child — no reason shown for granting preference on ground of hardship — improvident preference orders disapproved.

In an action in New York county to recover damages for personal injuries suffered by an eight-year-old child, it was error for the court to grant a preference in the trial and take the case out of its regular course on the calendar on the ground that it would be a hardship to the plaintiff if the case were allowed to wait its regular turn, since the evidence shows that the child's father and two sisters are regularly employed, that an aunt has advanced money to pay medical expenses, and that the child is receiving proper care in a semi-private ward in a hospital.

The Appellate Division, in view of the increasing number of improvident preference orders, declares its purpose to be most sparing in the affirmance of any grant of preference in the trial of tort cases on the ground of alleged destitution or asserted lack of financial resource, and it will rigidly enforce the doctrine that causes should be tried only in their regular order, except when most extraordinary circumstances appear in the moving papers as ground for preference.

APPEAL by the defendant, Malone Dairy Co., Inc., from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 6th day of February, 1924, granting the plaintiff's motion for a special preference and setting the case down for the 3d day of March, 1924, in Trial Term, Part II.

*Alfred W. Andrews,* for the appellant.

*Samuel E. Neuman* [*Moses Feltenstein* of counsel], for the respondent.

PER CURIAM:

Plaintiff, the infant, is eight years of age and never had any earning capacity. The father receives thirty-five dollars per week

and the father's sister has advanced one thousand dollars for the purpose of defraying medical expenses. Two daughters in the family are regularly employed as bookkeepers, receiving together sums amounting to thirty-six dollars a week. The infant is in a semi-private ward in a hospital, receiving proper care.

Nothing here set forth indicates such a financial status as would take the cause out of its regular course on the calendar by reason of complete destitution and inability longer to sustain life, except as a public charge.

There are many instances of greater hardship where we have refused to advance the case out of its regular order. Our repeated reversals of these improvident orders are not apparently sufficient caution to prevent granting of these applications in increasing number without circumstances warranting the exercise of the calendar court's discretion. It is imperative now to declare our purpose to be most sparing in the affirmance of any grant of preference of tort causes on the ground of alleged destitution or asserted lack of financial resource. The impossibility of accomplishing relative justice in these matters in so far as calendar position is concerned, constrains this court to rigidly enforce the doctrine that causes should be tried only in their regular order, except when most extraordinary circumstances appear in the moving papers as ground for preference.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — CLARKE, P. J., MERRELL, FINCH, McAVOY and MARTIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.