MORRIS SHAPIRO, Plaintiff, *v.* ROCKLAND LIGHT AND POWER COMPANY, Defendant.

Supreme Court, Sullivan County, April 9, 1931.

*Bernard Wiess*, for the plaintiff.

*Cuddeback & Jones* [*Samuel Cuddeback* and *John D. Lyons* of counsel], for the defendant.

FOSTER, J. Motion by the plaintiff for preference on the calendar for the May Trial Term of the Supreme Court for Sullivan county under subdivision 20 of section 138 of the Civil Practice Act.

This subdivision gives the court power, in the exercise of its discretion, to order a preference in a particular case, but the exercise of the discretion must be based upon facts which justify a departure from the usual rule. This action, upon whatever theory it may be tried, is simply one to recover compensation for an alleged injury to real property and to a business conducted thereon. It may be that such injury is of far-reaching pecuniary consequence to the plaintiff, but this fact does not change the fundamental character of the litigation. On this application the court cannot consider the pecuniary condition of the plaintiff. To do so would be to create a precedent which would open the door to a multitude of applications of this character. A great deal of litigation in Sullivan county concerns boarding house keepers and their properties. It is notorious that many of these people are often in pecuniary difficulties. To give litigation of such character a preference upon such a basis, however appealing the individual case may be, would unjustly deprive other litigants of their position on the trial calendars.

It may be at once admitted that it is impossible to do relative justice on calendar practice, and the arbitrary preference given by other subdivisions of this section has retarded, rather than helped, the process. For instance, one who sues for slander has preference, while an adult, severely injured, perhaps totally incapacitated, does not have preference, nor can I find such a case in which preference has been granted.

While the matter is one of discretion, only extraordinary circumstances justify a departure from the regular order. Otherwise courts would be continually confronted with applications which would require a comparison of merits. The application presented does not disclose the circumstances required.

Motion denied, without costs.