SARAH HOLDRIDGE, Plaintiff, *v.* JOHN W. CALDER, Defendant.

Supreme Court, Oneida County, January 9, 1933.

*Dennis D. Clarke* [*Frank J. Ryan* of counsel], for the plaintiff.

*Dunmore, Ferris & Burgess* [*Chase W. Young* of counsel], for the defendant.

DOWLING, J. Plaintiff brings this action to recover damages for personal injuries sustained in an automobile collision some time prior to November 25, 1932; the date is not specified. Defendant appeared and answered and the cause is on the January, 1933, Trial Term calendar of this court, being No. 228. Plaintiff is upwards of eighty years of age, is poor and has " a heart condition," the nature of which is not disclosed, which was aggravated by the injury received in the accident. She has suits pending against her by the nurses who cared for her to recover for their services. She applies, on notice to defendant, for a preference, setting up the above facts in her moving affidavits executed by her attorney and her doctor. She supplies no affidavit of her own.

Under subdivision 20 of section 138 of the Civil Practice Act, which relates to preferences among civil actions, the court, in the exercise of sound discretion, may prefer " a cause entitled to preference by the general rules of practice or by special order of the court, in the particular case."

" The right to a trial of issues of fact in the regular order is a substantial right of litigants, and the improper preference of one cause over others deprives the litigants of that right by delaying and postponing the trial of their causes." (*Davis* v. *Friedman,* 196 App. Div. 926, 927.) " It is imperative now to declare our purpose to be most sparing in the affirmance of any grant of preference *of tort causes* on the ground of alleged destitution or asserted lack of financial resource. The impossibility of accomplishing relative justice in these matters in so far as calendar position is concerned, constrains this court to rigidly enforce the doctrine that causes should be tried only in their regular order, except *when most extraordinary circumstances appear in the moving papers* as ground for preference." (*Goldin* v. *Malone Dairy Co., Inc.,* 209 App. Div. 341; *Shapiro* v. *Rockland Light & Power Co.,* 140 Misc. 204, 205.)

A preference is not sought here to enable the plaintiff to attend the trial. Her doctor says that there would be less danger and hardship if she attended the trial now than three or four months hence. This is not enough to gain a preference. (*McIntire* v. *National Nassau Bank,* 150 App. Div. 668, 670.) There is no proof that plaintiff is in danger of dying within a few months, as appeared to be the fact upon which preference was granted in the case of *Reinertsen* v. *Erie R. R. Co.* (66 Misc. 229).

No doubt a preference would be an advantage to the plaintiff.

The same could be said of every other plaintiff who has a case on the above calendar.

There is no suggestion by the plaintiff that she is in danger of becoming a public charge. Moreover, the case is likely to be reached in the early spring of this year.

The extraordinary circumstances upon which a preference will be granted are lacking upon the facts before the court. Motion is denied.

Ordered accordingly.