ALFRED J. HEALY, Plaintiff, *v.* FLORENCE G. HEALY, Defendant.

Supreme Court, Trial Term, Kings County, September 29, 1950.

*Michael Diemert* for plaintiff.

*Jessica F. Owens* for defendant.

WALSH, J. This is a motion by plaintiff for a preference under subdivision 3 of rule 151 of the Rules of Civil Practice. Plaintiff was seriously injured when a chair collapsed while he was using it when cleaning a part of the cellar of the defendant's property. The plaintiff is sixty years of age, unmarried, and resides with the defendant who is his sister. He submits as grounds for the preference his age, physical condition and financial condition. Subdivision 3 of rule 151 provides for a preference in " an action or special proceeding in which it is shown to the court or a judge thereof that the interests of justice will be served by an early trial or hearing thereof."

It would serve the interests of justice if every meritorious negligence jury case could be tried within a reasonable time after the accident and as soon as the jury could intelligently determine the nature and permanency of the injuries. However, in view of the condition of the calendar in recent years, containing thousands of cases which should have been brought in the City Court or the Municipal Court and many which should never have been instituted, it is not possible to provide a reasonably early trial for every case.

Since rule 151 became effective on September 1, 1940, it has been construed and applied by our courts. It is now definitely settled that the grant of a preference, although discretionary, may be made only where the circumstances of the plaintiff are sufficiently unusual and extreme to justify the extraordinary privilege of a preference over thousands of other plaintiffs who suffer the embarrassments, inconveniences and other hardships flowing from personal injuries. It has been repeatedly held that a preference should be only most sparingly granted in personal injury actions. Such factor as a meritorious cause of action, serious injury, old age, inability presently to engage in gainful employment, hospital and medical expenses, or reduced financial condition alone is not a sufficient basis for a preference. On the other hand, a preference may be granted where it is not likely that the plaintiff will live until the case is reached in the regular order or be able to testify at that time, or where the plaintiff is indigent or destitute or a public charge. (Tripp, A Guide to Motion Practice [Rev. ed.], § 21, pp. 49–51, 1950, Supp. pp. 14, 15, citing practically all of the cases.)

In Webster's New International Dictionary (2d Ed., Unabridged) "indigent" is defined as " destitute of property or means of comfortable subsistence; needy; poor; in want; neces-

sitous." " Destitute " is defined as " not possessing the necessaries of life; in a condition of extreme want; without possessions or resources."

A few recent cases indicate the application of the rule: Where the showing of destitution is complete the motion should be granted (*Whithers* v. *News Syndicate Co.*, 265 App. Div. 868). Where the injuries are so serious that the plaintiff is likely to lose his memory, is unable to support his wife and children and has no income except a small allowance from workmen's compensation, the preference should be granted (*Valenti* v. *United Hoisting Co.*, 265 App. Div. 963).

Where " there is no persuasive showing of destitution, or probability of death before trial in the regular order ", the motion should be denied (*O'Callaghan* v. *Brawley*, 276 App. Div. 908); a preference should not be allowed where the claimed indigence of the plaintiff was not established upon the papers (*Thomas* v. *Green Bus Lines*, 276 App. Div. 922).

Shortly after the rule became effective it was held to be " the established rule that where a person is on relief and, therefore, a public charge, such a person is entitled to a preference in the trial of a tort action on the ground of destitution " (*Stevens* v. *Bridge Auto Renting Corp.*, 262 App. Div. 872).

The moving papers should state facts which will enable the court to determine whether the condition relied upon actually exists. The imminence of death, the inability to work in the future or other facts with reference to physical condition, should be corroborated by a competent physician. Loss of earnings and prior ability and willingness to work should be corroborated by the previous employment record. Dependence upon a relief allowance, workmen's compensation, social security or the like, should be corroborated by some official record or certificate from the department from which the allowance is received. Absence of means of support should indicate not only the plaintiff's lack of assets or income but also the inability to support by those who have a natural obligation to do so. On the other hand, defendants who oppose motions for a preference should do more than make a general denial of plaintiff's claim. Where they have information or can by reasonable investigation obtain information which will disclose the facts, they should assist the court by presenting the facts in proper affidavits. In support or in opposition, conclusory statements by interested parties alone are not convincing.

The moving papers do not show that the instant case is one of the limited class of cases in which a preference should be granted. It may be that the facts do not exist; on the other hand it may be that the papers are inadequate. The motion is denied without prejudice to a new motion if the plaintiff is so advised. Settle order.