Ruth Wicks, Plaintiff, *v.* Adelbert Wolcott, Defendant.

Supreme Court, Special Term, Oneida County, October 24, 1951.

*Edward J. Tyler* for plaintiff.

*Abraham H. Baker* for defendant.

Searl, J. Plaintiff has moved at Special Term for Motions for a preference for the trial of the above-entitled cause. Upon the argument of the motion, defense counsel stipulated that the court might make an order granting such preference and placing the cause upon the day calendar of the next Oneida County Trial Term to be held in the city of Rome commencing on the 7th day of November, 1951. It is unnecessary to refer to the reason given for granting of the preference. It is sufficient to say that it is claimed that the defendant is eighty-four years of age and that both counsel agree that the cause, being No. 974 on the general calendar, might not be reached in the regular order short of a year.

Rule 151 of the Rules of Civil Practice does not permit this court, at Motion Term, to grant such preference, even though respective counsel so stipulate. The language of the rule is that: " Such preferences shall be obtained by applying therefor to the court or a judge thereof at the opening or during the term for which the cause has been noticed ". The expression " or judge thereof " unquestionably refers to the judge holding either a Trial or Equity Trial Term. The concluding sentence of the rule reads: " However, upon sufficient cause shown why the prescribed procedure has not been followed, the court or a judge thereof, upon notice, may, nevertheless, grant a preference." Likewise this refers to the same court or a judge thereof as first above quoted.

The reason for reaching such a conclusion is obvious. The trial court, or judge, at the time of calling his calendar knows the situation with which he will be confronted in the disposition of cases before him. There may be upon the first day calendar one or more preference cases carried over from several terms. There may be causes that require immediate disposition. The justice holding the term is the only one that can reach and appraise the exigencies that may arise and it is only fair that he be permitted to exercise his own discretion as to the conduct of the term. Were this not true, attorneys might agree in any number of cases that causes be placed as preferences upon the first day calendar. In that event the justice holding the term might find his calendar entirely filled with cases over which he had no opportunity to exercise his discretion as to preferences. A justice is entitled to have entire control of his own calendar.