LUELLA E. BROWN, Plaintiff, *v.* LEETTA M. UPFOLD et al., Defendants.

MANCEL E. DOUGHERTY, Plaintiff, *v.* LEETTA M. UPFOLD, Defendant.

Supreme Court, Special Term, Onondaga County, June 12, 1953.

*Harold A. Manheim* for Mancel E. Dougherty, defendant.

*Adcock, Engel, Mellor & Shaffer* for Luella E. Brown, plaintiff.

*Arnold A. Dettor* for Leetta M. Upfold, defendant.

HUDSON, J. This is a motion by the defendant, Mancel E. Dougherty, for a preference.

On December 16, 1952, Mancel E. Dougherty, while operating a tractor-trailer owned by him was involved in an accident

with an automobile owned and operated by the defendant, Upfold, as a result of which the plaintiff Luella E. Brown, a passenger in the Upfold automobile was injured. Dougherty sustained serious personal injuries and property damage. Dougherty filed a cross action against the defendant, Upfold. Dougherty resided at Union Springs, Cayuga County, New York. He is married and has four very young, infant children. He occupies a one-family residence which he is purchasing on contract requiring payments of $31 per month. Because of his incapacitating injuries and his resultant inability to support his family, he applied for and received assistance from the Cayuga Welfare Department in the sum of $161 per month to assist him in providing a home, food and clothing for his children, such sum being his only income. He filed a note of issue for the April Term of Supreme Court in Onondaga County and served the same together with notice of this motion. Dougherty takes the position that receiving welfare assistance, he is destitute and that inasmuch as the position of his case upon the calendar is such that the case in the normal course of events will not be reached for trial for one year, that he is entitled to a preference. The other parties to the action oppose the motion both on the ground that the defendant seeks an early trial because of the advantage which he will have by reason of his having to appear in court on a stretcher and upon the ground that subdivision 3 of rule 151 of the Rules of Civil Practice does not warrant such relief under the circumstances shown; and upon the ground that the motion must be made before the Trial Term Justice who is holding the term of court for which the case was noticed for trial rather than the Special Term.

There are a great number of decisions covering the right to a preference in the case of the destitute or indigent condition of the moving party. A different interpretation appears to have been placed upon the meaning of the word, '' destitute '' in the different departments of the Appellate Division. I have been unable to find any decision upon the question in our own department.

Rule 151 of the Rules of Civil Practice insofar as applicable reads as follows: '' Except as may otherwise be provided by the rule of any appellate division, civil causes shall be tried in the order in which notes of issue have been filed. The following civil causes shall be entitled to preference in the trial or hearing thereof: * * * 3. An action or special proceeding in which it is shown to the court or a judge thereof that the

interests of justice will be served by an early trial or hearing thereof.''

A very excellent opinion discussing the grounds justifying a preference and the moving papers upon which such an application should be based is found in *Healy* v. *Healy* (198 Misc. 688), wherein at pages 689–690 Justice WALSH in denying a preference, states:

'' It would serve the interests of justice if every meritorious negligence jury case could be tried within a reasonable time after the accident and as soon as the jury could intelligently determine the nature and permanency of the injuries. However, in view of the condition of the calendar in recent years, containing thousands of cases which should have been brought in the City Court or the Municipal Court and many which should never have been instituted, it is not possible to provide reasonably early trial for every case.

'' Since rule 151 became effective on September 1, 1940, it has been construed and applied by our courts. It is now definitely settled that the grant of a preference, although discretionary, may be made only where the circumstances of the plaintiff are sufficiently unusual and extreme to justify the extraordinary privilege of a preference over thousands of other plaintiffs who suffer the embarrassments, inconveniences and other hardships flowing from personal injuries. It has been repeatedly held that a preference should be only most sparingly granted in personal injury actions. Such factor as a meritorious cause of action, serious injury, old age, inability presently to engage in gainful employment, hospital and medical expenses, or reduced financial condition alone is not a sufficient basis for a preference. On the other hand, a preference may be granted where it is not likely that the plaintiff will live until the case is reached in the regular order or be able to testify at that time, or where the plaintiff is indigent or destitute or a public charge. (Tripp, A Guide to Motion Practice [Rev. ed.], pp. 49-51, 1950, Supp. pp. 14, 15, citing practically all of the cases.)

'' In Webster's New International Dictionary (2d Ed., Unabridged) ' indigent ' is defined as ' destitute of property or means of comfortable subsistence; needy, poor; in want; necessitous.' ' Destitute ' is defined as ' not possessing the necessaries of life; in a condition of extreme want; without possessions or resources,' '' and at page 690 Justice WALSH further states: '' The moving papers should state facts which will enable the court to determine whether the condition relied upon actually exists. The imminence of death,

the inability to work in the future or other facts with reference to physical condition, should be corroborated by a competent physician. Loss of earnings and prior ability and willingness to work should be corroborated by the previous employment record. Dependence upon a relief allowance, workmen's compensation, social security or the like, should be corroborated by some official record or certificate from the department from which the allowance is received. Absence of means of support should indicate not only the plaintiff's lack of assets or income but also the inability to support by those who have a natural obligation to do so. On the other hand, defendants who oppose motions for a preference should do more than make a general denial of plaintiff's claim. Where they have information or can by reasonable investigation obtain information which will disclose the facts, they should assist the court by presenting the facts in proper affidavits. In support or in opposition, conclusory statements by interested parties alone are not convincing.''

The great majority of opinions in which the question of the allowance of a preference has been considered seems to be those of the second department of the Appellate Division. The early cases seem to establish a general practice of allowing a preference if the plaintiff was a public charge or welfare recipient on the theory that being such he was destitute. In *Howard* v. *Staten Is. Coach Co.* (247 App. Div. 903 [1936]), a preference was allowed on the grounds of destitution. In *Hardison* v. *Byrd* (252 App. Div. 758 [1937]) an order denying a preference was reversed on a showing of destitution reinforced by fact plaintiff was on home relief and, therefore, a public charge. In *Auchello* v. *Brooklyn Bus Corp.* (257 App. Div. 857 [1939]) an order denying preference was reversed on the ground plaintiff was a public charge, that before the injury she was on home relief and that the showing of destitution was complete. In *Stevens* v. *Bridge Auto Renting Corp.* (262 App. Div. 872 [1941]) an order denying a preference was reversed, the court stating: ''It is the established rule that where a person is on relief and, therefore, a public charge, such person is entitled to a preference in the trial of a tort action on the ground of destitution.'' In *Valenti* v. *United Hoisting Co.* (265 App. Div. 963 [1942]) an order denying a preference was reversed on a showing of serious injuries which might cause loss of testimony, plaintiff's financial condition and other relevant factors justifying same. There seems to be a lack of decisions in the second department until 1950 when a different interpretation of the term, '' destitu-

tion ", is to me indicated. In *O'Callaghan* v. *Brawley* (276 App. Div. 908 [1950]) an order granting a preference was reversed on the ground that no persuasive showing of destitution, want, probability of death before trial existed. In *Thomas* v. *Green Bus Lines* (276 App. Div. 922) an order granting a preference was reversed on the ground that the papers failed to establish indigence. In *Roberts* v. *Ellis* (279 App. Div. 597 [1951]) an order granting a preference was reversed on the ground that the moving papers did not establish plaintiff's indigence. *Svei* v. *Minck Bros. & Co.* (279 App. Div. 597) was decided the same day and was to the same effect as the last case. Both of these cases followed a number of the decisions given above and also *Braver* v. *Davis* (277 App. Div. 879) and *Pitrello* v. *Garro* (278 App. Div. 770).

It would seem from the later decisions that the Appellate Division in the second department is following a much stricter interpretation of the terms, " indigent and destitute " than appear in the earlier decisions of that department.

In the first department, in the case of *Bitterman* v. *2007 Davidson Ave.* (278 App. Div. 759 [1951]) a motion for a preference was denied in the case of a man seventy-two with a wife seventy, who received jointly social security benefits totaling $54 per month. In a strong dissenting opinion, Justice SHIENTAG contended that the old age of the plaintiff, his poverty, his serious and permanent injuries and the likelihood that he would not survive until a trial could be had justified the granting of a preference. This is the only recent case I have found in the first department.

It is interesting to note in *Goldin* v. *Malone Dairy Co.* (209 App. Div. 341 [1924]), the first department established a declared policy in the following language, at page 342: " Nothing here set forth indicates such a financial status as would take the cause out of its regular course on the calendar by reason of complete destitution and inability longer to sustain life, except as a public charge. There are many instances of greater hardship where we have refused to advance the case out of its regular order. Our repeated reversals of these improvident orders are not apparently sufficient caution to prevent granting of these applications in increasing number without circumstances warranting the exercise of the calendar court's discretion. It is imperative now to declare our purpose to be most sparing in the affirmance of any grant of preference of tort causes on the ground of alleged destitution or asserted lack of financial resource. The impossibility of accom-

plishing relative justice in these matters in so far as calendar position is concerned, constrains this court to rigidly enforce the doctrine that causes should be tried only in their regular order, except when most extraordinary circumstances appear in the moving papers as ground for preference.''

The calendar in Onondaga County contains some fifteen hundred cases and the Dougherty cases are numbered 1295-1296. If parties in the circumstances of Dougherty are entitled to a preference because they are upon the welfare rolls or because they are receiving an insufficient amount to support their family, even though this amount is $161 per month, it seems to me that any party whose case is well down on the calendar would be entitled to ask for a preference if his income and family circumstances taken together with his physical condition as a result of the injuries for which he is seeking recovery are such that he feels that he is unable properly to support his family. The question then becomes only what is an adequate amount to enable a moving party to support his family. A standard would be adopted that a man with a wife and four infant children, whose income did not exceed $160 per month would be entitled to a preference if he was incapacitated as a result of his injuries. I cannot believe that such was the intent of subdivision 3 of rule 151 of the Rules of Civil Practice. If this were true every attorney whose client is incapacitated as a result of injuries for which he seeks recovery and whose income is insufficient to support his family would be obligated to make an application for preference to properly protect his client's interest. I believe rather that the intent of this section is to provide relief in those cases where there are unusual or extraordinary circumstances which justify the court or a Judge thereof, in the exercise of his discretion in determining that a preference in the order of trial is justified.

I do not believe that an income of $161 per month whether the same is received from earnings, independent income or from welfare, justifies a finding that such a party is indigent or destitute.

The motion for a preference is therefore denied. Inasmuch as I will hold the next Trial Term of the Supreme Court in Onondaga County in September of this year, the motion will be denied without prejudice to Mancel Dougherty to make a further application for preference at that term if his financial circumstances have changed for the worse.

I have determined this motion upon the merits rather than upon the question raised by the parties opposing the motion,

that the same should have been made at the Trial Term. I am of the opinion that rule 151 requires a motion for a preference to be made at the Trial Term. Such rule insofar as it is applicable reads as follows: " Such preferences shall be obtained by applying to the court or judge thereof at the opening or during the term for which the cause has been noticed, upon notice served with the copy of the note of issue, unless otherwise prescribed by rule applicable to the particular court.'' Rule 16 of the General and Calendar Rules of the Supreme Court for the counties of Onondaga, Oneida, Oswego, Jefferson, Herkimer and Lewis in the fifth judicial district reads as follows: " 16. A Special Term shall be held in connection with every Trial Term for hearing ex-parte and uncontested motions and *motions in cases upon the calendar.''* (Bender's Court Rules [1st ed.], p. 277. Emphasis supplied.)

The question has been passed upon specifically in the fifth judicial district in *Wicks* v. *Wolcott* (200 Misc. 621). In this case, Justice SEARL held that a motion for preference could not be granted at Special Term for Motions even when the opposing party acquiesced therein, as it was a matter over which the Trial Justice should have exclusive control.

The motion is therefore denied, without prejudice to renewal under the circumstances above set forth.