Walter R. Hart, J.
Applications for preference in trial under rule 151 of the Rules of Civil Practice have been made by the plaintiffs in these two unrelated causes. In each case the injuries are disabling and permanent. Among other bases for the motions is the advanced age of each of the plaintiffs. In the Hart case plaintiff is 79 years of age. In the Blank case plaintiff is over 85 years of age. Both motions are resisted by the respective defendants, each of whom asserts in substance that old age in and of itself is no basis for preferential advance of trial. This contention appears to be supported by authority. (Cf. McIntire v. National Nassau Bank, 150 App. Div. 668 [1st Dept.]; Healy v. Healy, 198 Misc. 688; Rinzler v. Manufacturers Trust Co., 190 Misc. 710; Wolf v. Kivovitz, N. Y. L. J., March 30, 1950, p. 1131, col. 6; Stevenson v. City of New York, N. Y. L. J., Oct. 9, 1950, p. 749, col. 3; Mosher v. Newman, N. Y. L. J., Oct. 14, 1949, p. 845, col. 5; Comerford v. Green Bus Lines, N. Y. L. J., June 10, 1949, p. 2083, col. 5.)
In Holdridge v. Colder (150 Misc. 142) plaintiff was ‘ ‘ upwards ” of 80 years of age. A preference was refused since there was no proof that the plaintiff was ‘ ‘ in danger of dying within a few months.” In Hume v. City of New York (N. Y. L. J., April 25, 1951, p. 1507, col. 2 [Supreme Ct., New York]) the court denied a motion for a preference, stating “Plaintiff’s application for a preference is not based upon a claim of destitution. It appears to be based solely upon the fact that she is 76 years of age. The medical proof submitted does not indicate that the plaintiff is in danger of death within a short time. The fact that the plaintiff is an aged person is not alone sufficient reason for granting a preference.”
This court concludes, despite the authorities heretofore adverted to, that the interests of justice are best served by an early trial in cases of plaintiffs of advanced age who have suffered injuries of a permanent nature or which result in a protracted disability, regardless of whether death is imminent. The sole criterion prescribed by subdivision 3 of rule 151 of the Rules of Civil Practice for the granting of a preference is “ that the interests of justice * * * be served by an early trial.” *170 (Bernstein v. Strammiello, 202 Misc. 823.) In the opinion of this court the interests of justice require that the plaintiffs in such cases should have available to their own personal use, comfort and benefit the avails of their causes of action for the relatively short time left to them in life instead of having the funds become exclusively portions of the corpus of their estates for the benefit of their next of kin.
Accordingly, the instant applications are granted. The Blank case is set down on the Day Calendar of February 6, 1956 and the Hart case on the Day Calendar of February 13,1956. Juries shall be selected on the respective dates.