HARRY DODUMOFF, Appellant, *v.* CARL LYONS et al., Respondents.

First Department, December 3, 1957.

*Seymour L. Colin* of counsel (*Frederick Travers,* attorney), for appellant.

*Edward F. Doran, Jr.,* of counsel (*Leahey & Johnson,* attorneys), for Carl Lyons, respondent.

*Robert E. Curran* for George Henne, respondent.

*Alex Gangel* of counsel (*Cohen, McGuirk & Michels,* attorneys), for Louis Rofsky, respondent.

*Marshall D. Sweetbaum* of counsel (*McCarthy & McGrath,* attorneys), for Michael Dran and another, respondents.

*Per Curiam.* In a personal injury action, based on negligence, Special Term denied a preference under rule 151 of the Rules of Civil Practice. In doing so, the court noted that '' plaintiff might have an early trial by waiving a jury ''. The order should be reversed and a preference granted.

Plaintiff is 74 years of age, and he has '' made a strong showing, supported by an unreserved and unequivocal affidavit by a physician, that * * * he will not survive for the length of time it will take for his case to come to trial '' (*Kuznetz* v. *Neuman,* 3 A D 2d 743). Indeed, the averments of plaintiff's physician, a physician attached to the Division of Home Care of a city hospital, are not controverted by any medical affidavits supplied by defendant. As pointed out in the *Kuznetz* case, the medical showing was inadequate in *Gray* v. *F & R Trucking Co.* (3 A D 2d 735). So too, in *Bitterman* v. *2007 Davidson Ave.,* (278 App. Div. 759), the medical opinion was not unequivocal but was expressed in problematic terms. The denials, therefore, of preference in those cases, do not control this one.

The applicable principles are few and simple. In the discussion that follows, it is not proposed to cover the principles applicable to all kinds of preferences available under rule 151, but only to those in which age and imminent death are the moving considerations.

Emphatically, a rule 151 preference is never to be lightly granted, for the granting of a preference represents a favoring of one case over the many other cases awaiting trial on a calendar heavy with accident jury cases. (See, e.g. *Goldin* v. *Malone Dairy Co.,* 209 App. Div. 341; *Brown* v. *Upfold,* 204 Misc. 416; *Healy* v. *Healy,* 198 Misc. 688.) On the other hand, waiver of a jury is not a relevant circumstance in considering whether plaintiff is entitled to a preference (*Lee* v. *Lehrer,* 3 A D 2d 702, a case, it so happens, arising under rule V of the New York County Supreme Court Trial Term Rules). This is not contrary to *Reinholdt* v. *King's Farm Realty Corp.* (283 App. Div. 1031), for there, in commenting that plaintiff could obtain an early trial by waiving a jury trial, it was first pointed out that the record did not support the granting of a preference.

Age alone does not warrant the granting of a preference (*Bitterman* v. *2007 Davidson,* 278 App. Div. 759, *supra; Rinzler* v. *Mfrs. Tr. Co.,* 190 Misc. 710; Tripp, A Guide to Motion Practice [Rev. ed.], § 21, subd. 3, par. [b], p. 50). Coupled, however, with medical proof that plaintiff will not survive for trial there is presented another situation. Then, there must be, as pointed out in the *Kuznetz* case (*supra*) an unreserved and unequivocal affidavit by the physician, and one might add, the

opinion of the physician must be supported by credible medical facts. If the preference is to be denied, on such a showing, defendant is obligated to controvert, by his own credible medical proof, the conclusion that plaintiff will not survive.

Material, but not determinative, is the fact, if it be so, that plaintiff's condition is the result of the accident. Material, but also not determinative, is plaintiff's economic condition, e.g. destitution, debt (especially to public agencies arising out of the injuries sustained in the accident), and particularly, lack of funds to obtain medical alleviation of plaintiff's condition caused by the accident. (See Brown v. Upfold, 204 Misc. 416, supra, in which the authorities are collected in a thoughtful and studied opinion.)

In conclusion, however, it must be observed that each case should be determined on its own facts, but in accord with general guiding principles. Moreover, plaintiff has the burden of establishing the right to a preference, and nothing less than unequivocal proof will do. On the other hand, if plaintiff sustains his burden, then defendant has the duty to meet the proof, if the preference is to be denied.

The order denying the motion for a preference should be reversed, in the exercise of discretion, with $20 costs and disbursements to plaintiff-appellant, and the motion granted.

PECK, P. J., BREITEL, BOTEIN, FRANK and McNALLY, JJ., concur.

Order unanimously reversed, in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted.

Settle order on notice.