Charles Lambíase, J.
This is a motion by plaintiffs ‘ ‘ for an order granting a preference in the above entitled action, pursuant to the Rules of the Court in such cases made and provided and for such other and further relief as to the Court may seem just and proper.” (Notice of Motion.)
The action is one to recover damages (a) for personal injuries sustained by the plaintiff, Julia D. Kerry, as the result of an automobile accident, and (b) for her husband, plaintiff John H. Kerry, the latter’s cause of action being derivative of his wife’s cause of action.
It is asserted in the moving papers that plaintiff, Julia D. Kerry, is over 79 years of age; that her husband is elderly and *936 exceedingly deaf; that to the date of the filing of plaintiff Julia D. Kerry’s bill of particulars, her medical, hospital and nursing-bills totalled approximately $1,870; and that plaintiffs have not been able to completely pay all of said obligations.
It is plaintiffs’ position that under the circumstances set forth in the moving papers ‘ ‘ and particularly due to the age of the plaintiffs, it is hazardous and unreasonable for this case to stay upon the general calendar and await its regular turn to be reached.” (Affidavit of Arthur YD. Chamberlain, Attorney, p. 2.)
Defendants contend that under rule 151 of the Buies of Civil Practice it is required that a notice of motion for a preference be served upon the opposing party “ with the copy of the note of issue ”; that the notice of motion herein was not served until a considerable period of time had elapsed from the date of filing of the note of issue herein; and that the moving papers do not show sufficient cause for the court to excuse said irregularity. Further, defendants contend that it has not been shown that plaintiffs or either of them are indigent, nor has there been any showing to the effect that the plaintiff, Julia D. Kerry, will not survive for the length of time it will take this case to be reached for trial in its regular order. It is submitted that no medical evidence has been offered by the plaintiffs to sustain their position in regard to the probability of death before trial of plaintiffs if they have to wait for trial in the regular order.
It must be observed that each case should be determined on its own facts, but in accord with general guiding principles. Moreover, plaintiffs have the burden of establishing the right to a preference, and nothing less than unequivocal proof will do. On the other hand, if plaintiffs sustain their burden, then defendants have the duty to meet the proof if the preference is to be denied. (Dodumoff v. Lyons, 4 A D 2d 626.)
We have concluded that there is “no persuasive showing of destitution, or probability of death before trial in the regular order ” (O’Callaghan v. Brawley, 276 App. Div. 908), and that the granting of the motion under the circumstances herein would be an improvident exercise of discretion on our part. (Dodumoff v. Lyons, supra.) Brown v. Upfold (204 Misc. 416) is referred to in Dodumoff v. Lyons (supra, p. 628) with the statement that therein ‘ ‘ the authorities are collected in a thoughtful and studied opinion. ’ ’ In view of this conclusion we do not deem it necessary to pass upon defendants’ contention that plaintiffs have failed to comply under rule 151 of the Buies of Civil Practice. The motion must be and hereby is in all respects denied.