Hart, J.
(concurs with the following memorandum). ■ While I agree with the affirmance of the order granting this 75-year-old plaintiff, who is suffering from “ senile debility ” a preference in the trial of. her action I would squarely place the affirmance on the sole ground of plaintiff’s age. As I noted "in Bernstein v. Strammiello (202 Misc. 823), the sole criterion prescribed by subdivision 3 of rule 151 of the Rules of Civil Practice for the granting of a preference is ‘ ‘ that the interests of justice * * * be served by an early trial”. It is universally recognized that after “three score and ten” the life expectancy of a party is greatly reduced and the ability to testify with clarity impaired. Judicial notice should be taken of the effect years after 75 have on the memory of a witness.
It is my view, therefore, that litigants aged 75 years or over should be automatically granted a preference in the trial of an action without a showing that they are not likely to survive until the trial of their actions for personal injuries is reached. As I observed in Blank v. Medical Arts Center Hosp. (34 Misc 2d 168, 170) : “In the opinion of this court the interests of justice require that the plaintiffs in such cases should have available to their own personal use, comfort and benefit the avails of their causes of action for the relatively short time left to them in life instead of having the funds become exclusively portions of the corpus of their estates for the benefit of their next of kin.”
Concur — Brown and Benjamin, JJ.; Hart, J., concurs in memorandum.
Order affirmed, etc.