OPINION OF THE COURT
Gerard M. Weisberg, J.
In view of a recent decision of the Court of Appeals, we are called upon to re-examine prior interpretations of a rule of the Court of Claims.
This is a motion denominated as being pursuant to subdivision 6 of section 10 of the Court of Claims Act in accordance with the terms of a prior order of a Judge of this court.
On August 18, 1980, a tractor owned by Long Island Fleet Lease, Inc., was caused to be overturned due to the alleged negligence of the defendant. Claimant, an insurance company, as subrogee of the owner, duly served and filed a claim for damages to the vehicle in the sum of $12,000.
Claimant now seeks an amendment to add the additional sums of (1) $7,000 for damages to the vehicle not covered by insurance; (2) $7,881.50 for damages due to the loss of its cargo of beer; and (3) $1,000 for the cost of removing and towing the truck. No new acts of negligence are claimed. These items are in the nature of further damages allegedly *87 sustained as a result of the original occurrence. (Heitczman v Muran, 75 AD2d 805.)
Subdivision (b) of rule 1200.12 of the Rules of the Court of Claims (22 NYCRR 1200.12 [b]) provides: “[p]leadings may be amended at any time by leave of court.”
This provision has its counterpart in CPLR 3025 (subd [bj).
The strictures formerly prevailing with respect thereto were recently removed by the Court of Appeals in Loomis v Civetta Corinno Constr. Corp. (54 NY2d 18). Today we hold that the same liberality must be applied to the rule of this court. The result will be further conformity of practice in this court with that in the Supreme Court. (See Newstad v State of New York, 111 Misc 2d 582.)
Cases cited by the defendant in opposition to this motion were all decided prior to Loomis which states that even where an amendment is sought after trial, only “prejudice” may bar the relief. There can be none here because the matter is still in the pretrial stage and the defendant will be granted further discovery as a condition of permitting the amendment. (See Barker v Goode, 85 AD2d 922.)
The argument that claimant has not specifically addressed the six factors mentioned in subdivision 6 of section 10 of the Court of Claims Act is rejected. In reality merely an amendment is sought. Even assuming that this motion imposes such a requirement, it is clear from the moving papers that the defendant did have notice of the “essential” facts, and an opportunity to investigate the circumstances “underlying” the claim, which appears to be meritorious. (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.) There does not appear to be any other adequate remedy. Defendant’s claim of prejudice is conclusory and certainly not “substantial”. (Matter of Wade v City of New York, 65 AD2d 534; Matter of Clark v C. F. Evans, Inc., 65 AD2d 635; Matter of Iazzetta v State of New York, NYLJ, March 31, 1980, p 11, col 4.)
We are in agreement that claimant’s excuse is not amply supported, but this factor alone does not constitute a bar. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement System Policemen’s & Firemen’s Retirement System, 55 NY2d 979.)
*88 Accordingly, the motion is granted. (Cf. Matter of Iazzetta v State of New York, 105 Misc 2d 567; Abrams, Note, The Survey of New York Practice, 55 St. John’s L Rev 773, 784 et seq.)
In view of the foregoing, the claimant shall furnish an amended bill of particulars and submit to a further examination before trial in accordance with the order filed herewith.