OPINION OF THE COURT
Gerard M. Weisberg, J.
The principal issues to be resolved on this motion are whether and under what circumstances a party in the Court of Claims may obtain a trial preference.
It is an area not addressed by the Court of Claims Act nor by the rules of this court. Therefore, we should be guided by the provisions of the Civil Practice Law and Rules to the extent that they can be made to conform to the procedures of this court. (CPLR 101; McNamara, The Court of Claims: Its Development and Present Role in the Unified Court System, 40 St John’s L Rev 1, 8.)
CPLR article 34 deals with Supreme Court calendar practice and trial preference. CPLR 3403 (subd [a]) provides that matters “shall be tried in the order in which notes of issue have been filed” and then sets forth five categories of preference cases. CPLR 3403 (subd [b]) provides that generally a motion for a preference should be made simultaneously with the service of the note of issue.
There is presently no note of issue requirement in the Court of Claims. Immediately upon joinder of issue cases are placed on its Trial Calendar. (Rule 15[c] of Rules of Court of Claims, 22 NYCRR 1200.15[c].) On its face, CPLR 3403 is not meant to apply to the Court of Claims. Nevertheless, in our continuing endeavor to achieve conformity of practice in this court with that in the Supreme Court, its principles are adopted (Country-Wide Ins. Co. v New York *229 State Thruway Auth., 114 Misc 2d 86; Newstad v State of New York, 111 Misc 2d 582). We hold that a litigant may obtain a trial preference upon proper showing by motion made at any time after issue has been joined in the following instances: (1) upon application of the State or any other public agency properly before this court; or (2) where a preference is provided for by statute; or (3) where the interests of justice will be served by an early trial; or (4) upon application of a claimant who has reached the age of 70 years; or (5) where the claim is for medical malpractice.
. In the case at bar, the claimant alleges that the defendant State of New York is liable for monetary damages by reason of its failure to pay unemployment insurance benefits. His request for a preference is supported only by statements to the effect that “delay in payment causes to Claimant suffering, hardship, losses, and other irreparable damages.”
If this relief is to be granted, only the “interests of justice” category is applicable. However, the conclusory allegations provide an insufficient basis for the court to exercise its discretion. The relief sought requires that a movant disclose specifics concerning such factors he deems relevant to giving his case a preferred status over other claims, many of which involve disabled persons and those whose property has been taken by eminent domain. Among those factors may be age, state of health, employment, income, assets, liabilities, living arrangements, source of support, nature of dependencies, and the effect that delay may have on the availability of witnesses and other evidence.
As stated in Dodumoff v Lyons (4 AD2d 626, 627) a “preference is never to be lightly granted, for the granting of a preference represents a favoring of one case over the many other cases awaiting trial * * * (See, e.g. Goldin v. Malone Dairy Co., 209 App. Div. 341; Brown v. Upfold, 204 Misc. 416; Healy v. Healy, 198 Misc. 688.)”.
Accordingly, the request for a preference is denied at this time without prejudice to claimant’s making a new motion for the same relief upon proper papers.
*230 Claimant has also demanded that his case be tried by a jury. This branch of the motion is denied. Our State’s waiver of sovereign immunity is embodied in section 9 of article VI of the New York Constitution. It mandates that claims shall be determined as the Legislature may provide. The manner which it has specified is set forth in subdivision 3 of section 12 of the Court of Claims Act: “Claims shall be heard and judgments thereon rendered by one judge, provided, however, that the presiding judge may order any claim or claims to be heard or determined by more than one judge, but not more than three judges, in which event the judgments thereon shall be rendered upon the concurrence of two judges.” Therefore, there can be no jury trials in the Court of Claims.