J. Irwin Shapiro, J.
Motion by the plaintiff ‘ ‘ for an order granting a preference to the plaintiff of the trial of the above entitled action under Rule 151 of the Rules of Civil Practice and directing that such trial be held on a day certain ’ ’.
The accident in this case occurred in the State of Massachusetts. The plaintiff was a passenger. She claims to have spent over $2,000 in medical expenses to date. The accident happened on August 12, 1961 and this action was promptly begun on September 8,1961 and issue was joined on November 28,1961.
It is alleged by the plaintiff, and undenied by the defendant, that “as a result of this occurrence, numerous law suits were instituted in the State of Massachusetts by the driver and passengers in the automobile which was run into and struck by the defendant’s automobile ” and that “ such persons were residents of the State of Massachusetts and naturally instituted suit in that State.” It is also undenied that the defendant’s insurance carrier has informed the plaintiff’s attorney “ of the pendency of other actions in Massachusetts ” and has stated that “ unless *441 the plaintiff accepted the token offer made by the defendant’s insurance company, the plaintiff would obtain a worthless judgment by reason of the fact that there is limited insurance coverage and the Massachusetts actions, which involved serious injuries, would be tried to judgment long before the action of the plaintiff herein. ’ ’
Buie 151 of the Buies of Civil Practice provides for a preference “ in the interests of justice ”. What is in the interest of justice cannot be categorized or catalogued, but may result from a multifarious number of conditions or circumstances.
Where it has been demonstrated, as it has been in this case, that if the plaintiff were required to wait her regular turn for trial she might well wind up with a Pyrrhic victory, the interests of justice would seem to require the granting of a preference.
In opposition to the motion it is urged on behalf of the defendant, though in fact on behalf of the defendant’s insurance carrier, that: “ The plaintiff, after electing to bring her action in New York rather than in Massachusetts, now complains of an injustice to her as the result of her making that choice. Plaintiff’s attorney wants to be put on a par with those persons instituting actions in Massachusetts after he chose to bring his action in New York.”
That is exactly the position of the plaintiff, but I fail to see why that position is in any way incorrect. This plaintiff is a resident of this State and had a perfect right to have recourse against the defendant in this State if she could, as apparently she could, obtain jurisdiction over the defendant here. Certain it is that this court in fairness and justice to this plaintiff, as a resident of this State, should not put her in a position less favorable than those nonresidents of this State who are now suing defendant in the State of Massachusetts.
In view of the fact that it is not denied that there is a limited policy in this case which will render the plaintiff’s judgment nugatory if the plaintiffs in the Massachusetts cases are first reached for trial and in view of the concern which this court should have for the rights of its own residents, it is in the interest of justice that this motion for a preference be granted.
The motion is therefore in all respect granted and the action is placed upon the Beady Day Calendar for the 7th day of January, 1963, at Trial Term, Part I of this court subject to the consent of the Justice presiding.