J. Irwin Shapiro, J.
Motion “ for an order granting a preference herein pursuant to Buie 151 of the Buies of Civil Practice and Article III, of the Special Buies of the Appellate Division, Second Judicial Department, setting this matter down for trial before this Court for a day certain ”,
The plaintiff according to her attorney’s affidavit is “ 76 years of age ”, although in the hospital record her age is set forth as being “ 72 years ”, Since the accident happened on October 28, *477 1961, she would now he 73 years of age if the hospital records are correct.
There is here no claim of destitution or other similar grounds for a preference. Preference is sought solely on the basis of the claim that the injured plaintiff will not live until the time of the trial. After setting forth her injuries and upon the basis that “ it will be at least three years before this action will be reached for trial in the normal course of the trial calendar at the Supreme Court, Kings County” the doctor states that “ It is my opinion, with reasonable medical certainty, that Mrs. Anna Brier may not live to see the trial of this action in its normal course on the trial calendar.”
None of us may live to see tomorrow, but that is not sufficient ground for a preference in the trial of an action. Whether we agree or disagree with the conclusion or not, the Appellate Division of the First and Second Departments have repeatedly held that advanced age alone is insufficient to warrant a preference under rule 151 of the Rules of Civil Practice (Bitterman v. 2007 Davidson Ave., 278 App. Div. 759) and that unless there is an unequivocal showing that death is imminent or that the plaintiff will not live until the time of trial the granting of a preference is an improvident exercise of discretion (Kuznetz v. Neuman, 3 A D 2d 743; Dodumoff v. Lyons, 4 A D 2d 626; De Lisle v. Rodriguez, 7 A D 2d 710).
The appellate courts have almost uniformly reversed preferences based upon claimed imminence of death where the doctor did not express “his unequivocal belief” that the plaintiff would not survive until the trial (De Lisle case, supra). Thus, a statement by a doctor that his patient ‘ ‘ may not live to see the trial of this action ’ ’ is insufficient.
Motion for a preference is denied. .Submit order denying the motion for a rule 151 preference and granting an article III preference.