Joseph F. Hawkihs, J.
There have been two prior motions for a special trial preference. The first — some two years ago — was denied since no showing, inter alia, had been made of ‘ ‘ destitution ’ ’. That denial, however, was with leave to renew. The subsequent application brought several months thereafter .was again denied it having been deemed that the submission did not satisfy ‘‘ the stringent provisions of the rules of the Appellate Division. (Brier v. Plaut, 37 Misc 2d 476).”
The rationale of the instant motion is a marked change in movant’s circumstance resulting from his loss of part-time employment; he was superannuated. Such part-time employment yielded the modest sum of $28.73 per week, presumably the take-home pay, which, when combined with the plaintiff’s and his spouse’s social security stipend of $190.30, made a total of $305 per month. The plaintiff is 72 years of age and his spouse is one year younger.
It may well be that when weighed against plaintiffs’ total budget, the loss of the part-time employment earnings does not constitute an appreciable sum. More important factors, however, must be considered: the dignity and self-respect which inure to a senior citizen who endeavors by partial employment to add to the austere stipend provided by social security. The loss of such part-time employment — here, completely involuntary and directly attributable to plaintiff’s age — results in pecuniary, and more importantly, psychological deprivations.
Additionally, contributing to the plaintiffs ’ demeaning circumstances is their having to share a small bedroom in their son’s home with their infant grandson and granddaughter. Surely, petitioners of advanced years merit more judicial solicitude than applying the criteria governing trial preferences with slide-rule rigidity; nor should courts be required to indulge in a near-morbid exercise of anticipating whether litigant or calendar will *320 first expire. These, in our opinion, are considerations sufficient to justify the characterization “ changed circumstances and in the interests of justice ” employed in Braman v. Auserehl & Auserehl & Son Contr. Corp. (22 A D 2d 887).
Lest there be any doubt, we add a new criterion to be considered in determining whether a special trial preference should be granted: if a litigant’s resources are inadequate to permit living in dignity and self-respect — commensurate with age and prior milieu — it is both just and meet that we grant a special trial preference. Where a plaintiff manfully strains and struggles to avoid obtaining public assistance, such valiant efforts should be recognized rather than penalized.
Inquiry by the court revealed that the earliest possible date the action could be reached for trial in regular order is September of 1970. Under the circumstances, the plaintiffs’ motion for a special trial preference is granted and the matter is set down for the first available date of the November 1968 Trial Term of this court, subject to prior preferred issues and the disposition of the Justice then presiding. The plaintiffs, further, are to comply with the Calendar Clerk’s prerequisites.