Louis G[. Bhuhn, J.
This is a motion on behalf of the plaintiff ‘ ‘ for an order pursuant to CPLR Section 3403, for a preference in the trial of this action and for .such other further and different relief as the Court may deem just and proper in the premises upon the ground that the plaintiff is an indigent person with a serious and permanent injury, and upon the ground that it is in the interest of justice, and upon the ground that the Sullivan County Social Services Dept., a subdivision of the State of New York, is here involved by virtue of liens upon any recovery.”
CPLR 3403 provides in part as follows: “ (a) Preferred cases. Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference:
1 ‘ 1. an action brought by or against the state, or a political subdivision of the state * * *.
“ 3. an action in which the interests of justice will be served by an early trial. ’ ’
It appears from the affidavits submitted that plaintiff was injured when she fell on an icy sidewalk on December 31, 1968. It further appears that the financial condition of the plaintiff, a woman of approximately 70 years of age, is poor and that .she will eventually become a public charge. Plaintiff is, in fact, presently in the New York State Rehabilitation Center at Haverstraw, N. Y., at the expense of the taxpayers of Sullivan County.
Plaintiff’s first contention is that she is entitled to a preference because she is being treated at the expense of the County of Sullivan and has executed an assignment of any recovery which she might gain to its Social Services Department. Although the 'County of Sullivan undoubtedly stands to gain if plaintiff prevails, the said county is not a party to the action, as is required by CPLR 3403 (subd. [a], par. 1), and thus a preference cannot be granted on that ground.
Plaintiff also contends that she is entitled to a preference because she is indigent and because she is elderly and in deteriorating physical condition.
In this Department there is no fixed rule which allows a preference per se because a party is receiving welfare assistance. (Ploof v. Somers, 277 App. Div, 1076.) Nor does the old age of the plaintiff alone warrant the court in exercising its discretion to grant a preference. There must be an unequivocal showing that plaintiff will not survive the normal calendar delay.
In Brier v. Plaut (37 Misc 2d 476, 477) the court stated: ‘ ‘ unless there is an unequivocal showing that death is imminent or that the plaintiff will not live until the time of trial the *630 granting of a preference is an improvident exercise of discretion ”.
The medical affidavit in support of this motion states that ‘ ‘ there is a strong contingency that she may not live to the time of a trial
The same could be said of any 70-year-old person and is not an unequivocal showing that death is imminent. Motion denied, without costs.