■ BEATRICE SMITH, Appellant, v. JACK SCHNABEL, Respondent.— REYNOLDS, J. Appeal from an order of the Supreme Court, Sullivan County, denying appellant's motion for a trial preference made pursuant to CPLR 3403 (subd. [a], pars 1, 3). Special Term was not required to grant a trial preference under CPLR 3403 (subd. [a], par. 1). The Social Services Department of Sullivan County, while interested in the outcome of the litigation,

is not a true party to the action as required by CPLR 3403 (subd. [a], par. 1), and the fact that appellant allegedly executed an assignment to the Social Services Department does not affect this conclusion in the instant case (cf. *Commissioners of State Ins. Fund* v. *Statland*, 181 Misc. 117; *Commissioners of State Ins. Fund* v. *Dinowitz*, 179 Misc. 278, granting a preference where the State occupied positions as statutory assignors of the causes of action involved and initiated the litigation in that capacity). Nor do we find under the facts involved in the present case that Special Term was required to have granted the motion for a preference in the "interests of justice" under CPLR 3403 (subd. [a], par. 3). In so doing, however, we wish to point out that while unquestionably a trial preference should be granted sparingly and only when extraordinary circumstances command such a result since "the granting of a preference represents a favoring of one case over many other cases awaiting trial" (*Dodumoff* v. *Lyons*, 4 A D 2d 626, 627; *Healy* v. *Healy*, 198 Misc. 688, 689), each case must essentially be decided on its own facts rather than a rigid set of prescribed rules. Moreover, rules and practices observed in the First and Second Departments may not be necessarily appropriate in this Department or at least in all areas of this Department. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. [61 Misc 2d 628.]