■ RALPH F. LA PORTA, Appellant, v FRETTO ENTERPRISES, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered June 6, 1983 in Schenectady County, which granted defendant Christopher J. La Flamme's motion for a trial preference. ¶ On September 30, 1980, at a real estate closing consummating negotiations between plaintiff and defendant Fretto Enterprises, Inc. (Fretto) for the purchase by plaintiff of premises at 864-870 Crane Street in the City of Schenectady, plaintiff gave a second purchase-money mortgage to Fretto in the sum of $19,500 to be paid in three equal annual installments of $6,500. On the same date and as part of the same transaction, the parties executed a lease of a portion of the premises by Fretto for a period of three years at an annual rental of $6,500 to be paid on the anniversary date of the lease, which date corresponded to the annual date of payments by plaintiff on the mortgage. On the same date, the mortgage was assigned by Fretto to defendant Christopher J. La Flamme for moneys owed to him from Fretto. ¶ On September 21, 1981, Fretto defaulted on the annual lease payment of $6,500. As a consequence of the default, plaintiff did not pay the first annual mortgage payment to La Flamme, Fretto's assignee. In January, 1982, plaintiff commenced an action against Fretto, Ronald J. Fretto, principal owner of the corporation, and La Flamme seeking to reform the contract of sale, lease agreement and mortgage based upon the alleged fraud of Fretto and Ronald Fretto. La Flamme served an answer and counterclaim for the $19,500 due on the mortgage. Thereafter, La Flamme moved for summary judgment on the counterclaim. The motion was denied and no appeal was taken. On January 26, 1983, La Flamme moved at Special Term for a trial preference. The motion was granted "in the interest of justice" (see CPLR 3403, subd [a], par 3). This appeal by plaintiff ensued. We reverse. ¶ A trial preference in the interest of justice (CPLR 3403, subd [a], par 3) should only be granted where circumstances are sufficiently unusual and extreme to justify the extraordinary privilege (*Morris Electronics v Stereo East Devs.,* 71 AD2d 1061, 1062), since the granting of a preference represents a favoring of one case over many others awaiting trial (*Smith v Schnabel,* 34 AD2d 603, 604). Each case must essentially be decided on its own facts rather than by adherence to a rigid set of prescribed rules (*Smith v Schnabel, supra*). Here, at oral argument, Special

Term gave La Flamme additional time to support his claim of financial hardship. In response, La Flamme submitted an unsworn letter from an accountant to the effect that a corporation known as Hoosick Statuary Lamp, Inc. was having financial difficulties. While it seems clear that La Flamme was president of the corporation, there was no proof submitted in terms of a financial statement or tax return to show the actual fiscal condition of the corporation. Furthermore, La Flamme, and not the corporation, was Fretto's assignee and party to this action. ¶ Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.