■ CHRISTINE BERNARD, an Infant, by Her Guardian ad Litem, PATRICK SEMINARIO, Respondent, v GILMORE HYMAN, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant Gilmore Hyman appeals from an order of the Supreme Court, Nassau County (Saladino, J.), dated January 20, 1989, which granted the plaintiff's motion for a trial preference pursuant to CPLR 3403 (a) (3).

Ordered that the order is reversed, with costs, and the plaintiff's motion is denied.

The plaintiff sought a trial preference "in the interests of justice" (CPLR 3403 [a] [3]) based upon the alleged representations by the appellant's counsel that his client was dying of a terminal illness. We reverse.

In light of the fact that the only medical report in the record does not indicate there is any imminent danger of the appellant's death, the granting of the trial preference was an improvident exercise of discretion. We note that even if the appellant were to die prior to trial, the Dead Man's Statute (CPLR 4519) would not appear to bar the plaintiff's trial testimony as to what occurred upon her visits to the appellant's medical office, since the appellant's version has been memorialized in a pretrial deposition (see, Ward v Kovacs, 55 AD2d 391). A special trial preference is an extraordinary privilege. The granting of a preference amounts to favoring one case over many others awaiting trial. It should be granted only where unusual or extraordinary hardship is demonstrated (see, Rago v Nationwide Ins. Co., 120 AD2d 579; La Porta v Fretto Enters., 100 AD2d 713). That demonstration was not made here. Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.