OPINION OF THE COURT
Robert J. Miller, J.
In this malicious prosecution action, plaintiff Hector Luis Gonzalez, who was incarcerated for 6V2 years for a crime he didn’t commit, moves pursuant to CPLR 3403 (a) (3) for a trial preference on the grounds that the interests of justice will be served by an early trial. Defendant City of New York opposes the motion.
The amended complaint sets forth civil rights claims brought under 42 USC § 1983 and under New York State law to recover damages for constitutional violations, malicious prosecution, and for wrongful incarceration.
In 1996 a trial was held pursuant to a murder indictment against Gonzalez. The indictment stemmed from a murder that took place on December 2, 1995 where the victim, Lemuel Cruz, was stabbed and killed outside of a bar in Brooklyn where Mr. Gonzalez was celebrating a birthday with his cousin. Evidence of small bloodstains on Mr. Gonzalez’s pants were introduced at the trial held against Gonzalez and several other defendants. Gonzalez maintained that he had acquired the stains on his pants while assisting his cousin and a friend who had been injured in the melee.
On October 21, 1996, Gonzalez was convicted. He was in prison from December 2, 1995 until April 24, 2002. In 2001 in connection with a federal investigation of an unrelated matter, Assistant United States Attorneys and FBI agents obtained information from the actual perpetrators of the Cruz murder that Gonzalez played no role in the victim’s death. Federal investigators then caused DNA testing on the bloodstains, introduced against Gonzalez at his initial trial, to be conducted by the New York City Office of the Chief Medical Examiner. The tests conclusively determined that the blood on Gonzalez’s pants was that of his cousin and friend and not that of the murder victim. On April 25, 2002, the Kings County District Attorney’s office moved jointly with Gonzalez’s counsel to reverse the conviction and dismiss the indictment against Gonzalez before Justice Alan Marras. The court granted the motion.
*970 After his release, Gonzalez moved expeditiously to press his claims against the City. The summons and complaint was served on July 18, 2003. Initial discovery occurred in 2004. Thereafter, an amended complaint was served in November 2005. There were discovery disputes which required the plaintiff to make a motion to compel discovery. Once discovery was completed, the plaintiff filed a note of issue and certificate of readiness for trial along with the submission of the current motion for a special trial preference.
At the time of his initial incarceration, Gonzalez was 19 years old. During his incarceration, he exhausted both state and federal postconviction remedies to prove his innocence. The plaintiff has worked consistently since his release to support himself and his family at a variety of low-paying jobs. At the time he was imprisoned, Gonzalez was diagnosed with a degenerative nerve disease, multiple sclerosis, the symptoms of which are currently controlled by medication. The future course of the disease is unpredictable.
Under CPLR 3403 (a) (3), a preference on a trial calendar can be granted in the interests of justice. It is well established that a preference is not to be lightly granted and that each case must be determined on its own facts (Dodumoff v Lyons, 4 AD2d 626 [1957]), rather than through the application of a rigid set of proscribed rules (Smith v Schnabel, 34 AD2d 603 [1970]). Granting a trial preference in the interests of justice is an appropriate exercise of the trial courts’ discretion (Shomron v Fuks, 26 AD3d 304 [2006]; Nold v City of Troy, 94 AD2d 930 [1983]). What is in the interests of justice cannot be categorized or catalogued, but may result from a multitude of conditions or circumstances (Cohen v Abolafia, 37 Misc 2d 440 [1962]). A trial preference in the interests of justice should only be granted where the circumstances are sufficiently unusual and extreme to justify the extraordinary privilege (La Porta v Fretto Enters., 100 AD2d 713 [1984]; Morris Elecs. of Syracuse v Stereo E. Devs., 71 AD2d 1061 [1979]).
The City argues that Gonzalez “does not demonstrate that his circumstances are so special that he should be placed ahead of others awaiting trial.”
The court can only speculate that the City has phrased its argument inartfully. For the opposite of “special” is ordinary and surely the City is not arguing that it is the ordinary or common practice of the City to convict people and jail them for crimes they do not commit.
*971 Gonzalez was incarcerated for 6V2 years for a murder he did not commit. The conviction was overturned and the charges were dismissed because federal investigators uncovered the facts surrounding the Cruz murder. Facts which the plaintiff had continuously over the years of his incarceration asserted. Gonzalez was jailed at the age of 19 which has hampered his ability to gain the necessary skills to support himself. Thirteen years after he was jailed, he continues to struggle to be a productive member of society working mostly in low-paying jobs. Gonzalez spent 6V2 years in jail waiting for exoneration and is now pressing his claim in this court for the past 4V2 years.
Over 12 years have passed since the murder that he was wrongfully convicted of occurred. In the special circumstance of this case where a plaintiff was wrongfully convicted of a murder that occurred over 12 years ago, where witness recollections will continue to be impacted by the passage of time and where plaintiff has expeditiously and vigorously pressed his claim in our court, the interests of justice warrant this court utilizing its discretion to control its calendar and grant plaintiff a trial preference.
Accordingly, Gonzalez’s motion pursuant to CPLR 3403 (a) (3) for a trial preference is granted.